IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**LEWIS, J.**,
individually and on behalf
of all others similarly situated,

          Plaintiff,

  vs.

**EPIC SYSTEMS CORPORATION**
c/o Judith R. Faulkner
1979 Milky Way
Verona, Wisconsin 53593

          Defendant.

Case No. 15-cv-082

**COLLECTIVE AND CLASS ACTION COMPLAINT**

**INTRODUCTION**

1.    This is a collective and class action brought by Individual and Representative Plaintiff Jacob Lewis, on his own behalf and on behalf of the members of the proposed classes identified below. Named Plaintiff and putative class members, during the three year period preceding this lawsuit ("the statutory period"), were employed as Technical Writers by Defendant Epic Systems Corporation ("Epic") and were denied overtime wages under an illegal pay policy whereby they were commonly misclassified as exempt from overtime wages under state and federal law. Under this policy, employees were not paid at one and one-half times their regular rate of pay for

hours worked over 40 per work week. Named Plaintiff and putative class members are similarly situated under Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b) as they suffered identical wage losses under this illegal pay policy.

## JURISDICTION AND VENUE

2.  This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in the U.S. District Court for the Western District of Wisconsin pursuant to 28 U.S.C. § 1391 because Defendant is headquartered in this district and because events giving rise to these claims occurred in this district.

## PARTIES

4.  Plaintiff Jacob Lewis is an adult resident of Hermitage, Tennessee. Mr. Lewis was, within the three years preceding the filing of this lawsuit, employed as a Technical Writer for Epic. Mr. Lewis's consent form is attached as Exhibit A to this Complaint and is incorporated herein by reference.

5.  Defendant Epic Systems Corporation is a domestic corporation with its principal office at 1979 Milky Way, Verona, Wisconsin 53593.

6.  Epic's registered agent for service of process is Judith R. Faulkner, 1979 Milky Way, Verona, Wisconsin 53593.

7.  Epic is an "employer" within the meaning of 29 U.S.C. §203(d).

8. Epic is an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(s)(1).

## FACTUAL ALLEGATIONS

9. Throughout the statutory period, Named Plaintiff and putative class members are or were employed by Defendant as Technical Writers.

10. Throughout the statutory period, Named Plaintiff and putative class members were classified by Defendant as exempt from overtime wages.

11. Throughout the statutory period, Named Plaintiff and putative class members were paid a fixed salary without regard to the number of hours they worked.

12. Throughout the statutory period, Named Plaintiff and putative class members shared a primary duty of preparing "Deliverables," or standard documents, including Release Notes, Setup and Support Guides, Implementation Handbooks, Testing Toolkits, and Validation Documents. Deliverables are prepared using Cumulus, a content management system, as well as Epic's style guide and internal wiki.

13. Throughout the statutory period, Named Plaintiff and putative class members' primary duty was not related to the management of the business operations of Epic or its customers.

14. Throughout the statutory period, Named Plaintiff and putative class members' primary duty did not require the use of discretion and independent judgment with respect to matters of significance.

15. Throughout the statutory period, Named Plaintiff and putative class members' primary duty was not the performance of work requiring advanced knowledge in a field of science or learning.

16. Throughout the statutory period, Named Plaintiff and putative class members did not perform work requiring invention, imagination, originality, or talent in a recognized field of artistic or creative endeavor.

17. Throughout the statutory period, Named Plaintiff and putative class members were not employed as computer systems analysis, computer programmers, software engineers, or similarly skilled computer employees.

18. Throughout the statutory period, Named Plaintiff and putative class members were customarily and regularly suffered and permitted to work hours over 40 in a work week without overtime compensation.

19. Defendant knew or should have known that Named Plaintiff and putative class members performed over 40 hours of work per work week because it directed them to perform said work and required them to record some of their hours worked.

20. On or about April 2, 2014, Defendant distributed to Named Plaintiff and putative class members by electronic mail an agreement to arbitrate wage claims. Said agreement contained the following statement: "I understand that if I continue to work at Epic, I will be deemed to have accepted this Agreement."

21. Named Plaintiff brings this action on behalf of himself and on behalf of other similarly situated employees, pursuant to 29 U.S.C. § 216(b). The **Collective Class** of similarly situated employees is defined as:

> All persons employed by Epic as Technical Writers as of or after April 2, 2014 who have not been compensated at a rate of one and one-half times their regular rate of pay for hours worked over 40 in a work week at any time from three years prior to the commencement of this lawsuit to the present and ongoing.

22. Named Plaintiff brings this action on behalf of himself and on behalf of all other similarly situated employees, pursuant to Fed. R. Civ. P. 23. The **Wisconsin Overtime Class** is defined as:

> All persons employed by Epic as Technical Writers as of or after April 2, 2014 who have not been compensated at a rate of one and one-half times their regular rate of pay for hours worked over 40 in a work week at any time from two years prior to the commencement of this lawsuit to the present and ongoing.

## CLASS ALLEGATIONS

23. Named Plaintiff brings the Second Claim for Relief on his own behalf and on behalf of the Wisconsin Overtime Class, as defined in paragraph 22, *supra*, pursuant to Fed. R. Civ. P. 23(a) and (b).

24. The persons in the class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is as yet unknown, upon information and belief, Defendant has employed more than 250 people who satisfy the definition of the class.

25. There are questions of law and fact common to the Wisconsin Overtime Class that predominate over any questions solely affecting individual members of the class, including, but not limited to:

    (a) Whether Epic maintained a common practice of unlawfully failing to pay overtime compensation to Named Plaintiff and members of the putative class in violation of and within the meaning of Wis. Stat. §103.03 and Wis. Admin. Code §DWD 274.03;

    (b) Whether Named Plaintiff and members of the putative class are exempt from overtime compensation under Wisconsin Law;

    (c) The nature and amount of compensable work performed by Named Plaintiff and members of the putative class;

    (d) Whether Epic employed Named Plaintiff and members of the putative class within the meaning of Wisconsin law; and

    (e) The proper measure of damages sustained by Named Plaintiff and members of the putative class.

26. Named Plaintiff's claims are typical of those of the Wisconsin Overtime Class. Named Plaintiff, like other members of the Wisconsin Overtime Class, was subjected to Epic's illegal pay policy of refusing to pay overtime wages, in violation of Wisconsin law.

27. Named Plaintiff will fairly and adequately protect the interests of the Wisconsin Overtime Class and has retained counsel experienced in complex wage and hour litigation.

28. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs with relatively small claims lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large and wealthy corporate defendant.

29. Class certification of the Second Claim for Relief is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Wisconsin Overtime Class predominate over any questions affecting only individual members of the Wisconsin Overtime Class. Defendant's common and uniform policies and practices denied the Wisconsin Overtime Class wages for work performed to which they are entitled. The damages suffered by individual Wisconsin Overtime Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's pay practices.

30. Named Plaintiff intends to send notice to all members of the Wisconsin Overtime Class to the extent required by Fed. R. Civ. P. 23.

**FIRST CLAIM FOR RELIEF**
**FAILURE TO PAY OVERTIME**
**COMPENSATION IN VIOLATION OF THE FLSA**

31. Named Plaintiff, individually and on behalf of the Collective Class, re-alleges and incorporates by reference the allegations in the preceding paragraphs.

32. Epic is an employer within the meaning of 29 U.S.C. §203(d) and an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s).

33. Named Plaintiff and members of the Collective Class are or were employees of Epic within the meaning of 29 U.S.C. §203(e).

34. The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of 40 hours in a work week.

35. Named Plaintiff and members of the Collective Class are not and were not exempt from overtime pay requirements under the FLSA.

36. During the applicable statute of limitations, Named Plaintiff and members of the Collective Class performed work in excess of 40 hours in a work week without receiving overtime compensation.

37. These practices violate the FLSA, including, but not limited to, 29 U.S.C. § 207. Because of these violations, Named Plaintiff and members of the Collective Class have suffered a wage loss.

38. Epic knew or showed reckless disregard for the fact that it failed to pay Named Plaintiff and members of the Collective Class overtime compensation in violation of the FLSA.

## SECOND CLAIM FOR RELIEF
### FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF WISCONSIN LAW

39. Named Plaintiff, individually and on behalf of the Wisconsin Overtime Class, re-alleges and incorporates by reference the allegations in the preceding paragraphs.

40. The foregoing conduct, as alleged, violates Wis. Stat. §§103.03 and 109.03 and Wis. Admin. Code § DWD 274.03.

41. At all relevant times, Epic has been and continues to be an employer within the meaning of Wis. Stat. §§103.001 and 109.01(2).

42. At all relevant times, Named Plaintiff and Wisconsin Overtime Class members were employees of Epic within the meaning of Wis. Stat. §§103.001(5) and 109.01(1r).

43. Wis. Stat. § 103.02 and Wis. Admin. Code § DWD 274.03 require an employer to pay overtime compensation to all non-exempt employees.

44. Wis. Stat. § 109.03 requires payment of all wages earned by the employee on a day not more than 31 days prior to the date the wages were earned.

45. Named Plaintiff and members of the Wisconsin Overtime Class are not and were not exempt from overtime pay requirements under Wisconsin law.

46. During the applicable statute of limitations, Epic had a policy and practice of failing and refusing to pay overtime wages to Named Plaintiff and members of the putative Wisconsin Overtime Class for their hours worked in excess of 40 hours in a work week.

47. As a result of Epic's willful failure to pay overtime wages earned and due to Named Plaintiff and members of the putative Wisconsin Overtime Class, Defendant has violated and continues to violate Wis. Stat. §§103.03 and 109.03 and Wis. Admin. Code §DWD 274.03. Named Plaintiff and members of the Wisconsin Overtime Class have suffered a wage loss as a result of these practices.

## REQUEST FOR RELIEF

WHEREFORE, Named Plaintiff, on his own behalf and on behalf of all members of the Collective Class and the Wisconsin Overtime Class, requests the following relief:

A. An order designating this action as a collective action on behalf of the Collective Class and issuance of notices pursuant to 29 U.S.C. §216(b) to all similarly situated individuals;

B. An order certifying this action as a class action on behalf of the proposed Wisconsin Overtime Class pursuant to Fed. R. Civ. P. 23;

C. An order designating Jacob Lewis as Named Plaintiff and as representative of the Wisconsin Overtime Class set forth herein;

D. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

E. An order finding that Epic violated the FLSA and Wisconsin wage and hour law;

F. An order finding that these violations were willful;

G. Judgment against Epic in the amount equal to Plaintiff, the Collective Class, and the Wisconsin Overtime Class's unpaid back wages at the applicable overtime rate;

H. An award in the amount of all liquidated damages and penalties as provided under Wis. Stat. § 109.11 and 29 U.S.C. § 216(b);

I. An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims pursuant to Wis. Stat. § 109.03(6) and 29 U.S.C. § 216(b);

J. Such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff and the putative class members demand a trial by jury.

Respectfully submitted this 10th day of February, 2015.

        Attorneys for the Plaintiff

        By:   */s/ David C. Zoeller*
        **HAWKS QUINDEL, S.C.**
        William E. Parsons, State Bar No. 1048594
        Email: wparsons@hq-law.com
        David C. Zoeller, State Bar No. 1052017
        Email: dzoeller@hq-law.com
        Caitlin M. Madden, State Bar No. 108928
        Email: cmadden@hq-law.com
        Post Office Box 2155
        Madison, Wisconsin 53701-2155
        Telephone: 608/257-0040
        Facsimile: 608/256-0236

        **HABUSH HABUSH & ROTTIER S.C.**
        Daniel A. Rottier, State Bar No. 1016998
        Email: rottier@habush.com
        Jason Knutson, State Bar No. 1035801
        Email: jknutson@habush.com
        Breanne L. Snapp, State Bar No. 1091474
        Email: bsnapp@habush.com
        150 East Gilman St., Suite 2000
        Madison, WI 53703
        Telephone: 608/255-6663
        Facsimile: 608/255-0745