# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

---

**LEWIS, J.,**
individually and on behalf of all
others similarly situated,

        Plaintiffs,

v.

                              Case No. 3:15-cv-00082

**EPIC SYSTEMS CORPORATION,**

        Defendant.

---

## DECLARATION OF TINA PERKINS

1.      I, Tina Perkins, pursuant to 28 U.S.C. § 1746, state as follows:

2.      I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could testify competently to them.

3.      I am employed by Epic Systems Corporation as Vice President -- Implementation. I was employed by Epic in a similar position on April 2, 2014.

4.      On April 2, 2014, Epic introduced a Mutual Arbitration Agreement Regarding Wages and Hours ("Arbitration Agreement") (Exhibit A). Under the Arbitration Agreement, participating employees and Epic each waived their right to pursue wage and hour disputes in court, agreeing instead to submit such disputes to binding arbitration before the AAA. The Arbitration Agreement states in relevant part:

> Agreement to Arbitrate. Epic Systems Corporation ("Epic") and I agree to use binding arbitration, instead of going to court, for any "covered claims" that arise or have arisen between me and Epic, its related and affiliated companies, and/or any current or former employee of Epic or a related or affiliated company. I understand that if I continue to work at Epic, I will be deemed to have accepted this Agreement.

"Covered claims" are any statutory or common law legal claims, asserted or unasserted, alleging the underpayment or overpayment of wages, expenses, loans, reimbursements, bonuses, commissions, advances, or any element of compensation, based on claims of eligibility for overtime, on-the-clock, off-the-clock or other uncompensated hours worked claims, timing or amount of pay at separation, improper deductions of pay or paid-time-off, fee disputes, travel time claims, meal or rest period claims, overpayment claims, claims of failure to reimburse or repay loans or advances, claims over improper or inaccurate pay statements, or any other claimed violation of wage-and-hour practices or procedures under local, state or federal statutory or common law.

**I understand and agree that arbitration is the only litigation forum for resolving covered claims, and that both Epic and I are waiving the right to a trial before a judge or jury in federal or state court in favor of arbitration.**

(Exhibit A, p. 1, emphasis in original).

5.      The Arbitration Agreement expressly states that all claims must be brought on an individual basis, and not as class or collective action arbitrations:

Waiver of Class and Collective Claims.  I also agree that covered claims will be arbitrated only on an individual basis, and that both Epic and I waive the right to participate in or receive money or any other relief from any class, collective, or representative proceeding.  No party may bring a claim on behalf of other individuals, and any arbitrator hearing my claim may not: (i) combine more than one individual's claim or claims into a single case; (ii) participate in or facilitate notification of others of potential claims; or (iii) arbitrate any form of a class, collective, or representative proceeding.

(Exhibit A, p. 1).

The Arbitration Agreement, by its express terms, is governed by the Federal Arbitration Act.  (Exhibit A, p. 3).

6.      Epic first introduced the Arbitration Agreement to certain groups of current employees by an email I sent on April 2, 2014.  The email included the Arbitration Agreement and provided a general summary of the arbitration program.  The email also instructed employees to "[p]lease review and acknowledge your Agreement by clicking 'Vote' and then selecting 'I understand and agree' or if you'd like someone to contact you about it, please select 'Contact me.'"  (Exhibit B).

19586877v.1

7.     Jacob Lewis, who started working for Epic in October 2012, would have received the April 2 email and a copy of the Arbitration Agreement.  The attached email from Lewis shows that, the next day, April 3, Lewis responded to the email by indicating that he understood and agreed to the Arbitration Agreement  (Exhibit C).

8.     Based on company records, Lewis continued to work at Epic until December 2014.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on April 9, 2015, in Verona, Wisconsin.

_Tina Perkins_
Tina Perkins

# EXHIBIT A

## MUTUAL ARBITRATION AGREEMENT REGARDING WAGES AND HOURS
### April 2, 2014

<u>Agreement to Arbitrate</u>.  Epic Systems Corporation ("Epic") and I agree to use binding arbitration, instead of going to court, for any "covered claims" that arise or have arisen between me and Epic, its related and affiliated companies, and/or any current or former employee of Epic or a related or affiliated company.  I understand that if I continue to work at Epic, I will be deemed to have accepted this Agreement.

"Covered claims" are any statutory or common law legal claims, asserted or unasserted, alleging the underpayment or overpayment of wages, expenses, loans, reimbursements, bonuses, commissions, advances, or any element of compensation, based on claims of eligibility for overtime, on-the-clock, off-the-clock or other uncompensated hours worked claims, timing or amount of pay at separation, improper deductions of pay or paid-time-off, fee disputes, travel time claims, meal or rest period claims, overpayment claims, claims of failure to reimburse or repay loans or advances, claims over improper or inaccurate pay statements, or any other claimed violation of wage-and-hour practices or procedures under local, state or federal statutory or common law.

**I understand and agree that arbitration is the only litigation forum for resolving covered claims, and that both Epic and I are waiving the right to a trial before a judge or jury in federal or state court in favor of arbitration.**

The Arbitrator shall have the authority to award the same damages and other relief that would have been available in court pursuant to applicable law. The arbitrator shall follow the rules of law of the state which is the employee's principal place of work, any applicable Federal law, and the rules as stated in this Agreement. The arbitrator shall have the authority to grant any remedy or relief that the arbitrator deems just and equitable and which is authorized by and consistent with applicable law, including applicable statutory or other limitations on damages.

<u>Waiver of Class and Collective Claims</u>.  I also agree that covered claims will be arbitrated only on an individual basis, and that both Epic and I waive the right to participate in or receive money or any other relief from any class, collective, or representative proceeding.  No party may bring a claim on behalf of other individuals, and any arbitrator hearing my claim may not: (i) combine more than one individual's claim or claims into a single case; (ii) participate in or facilitate notification of others of potential claims; or (iii) arbitrate any form of a class, collective, or representative proceeding.

<u>At Will Employment Unchanged by this Agreement</u>.  Nothing in this agreement changes or in any manner modifies my relationship with Epic of employment-at-will.

<u>Claims not Covered by this Agreement</u>.  Covered claims under this agreement do not include claims alleging discrimination, harassment, or retaliation.  Also excluded from this agreement are any claims that cannot be required to be arbitrated as a matter of law.  I also understand that I am not barred from filing a claim or charge with a governmental administrative agency, such as the National Labor Relations Board or Equal Employment Opportunity Commission, or from filing a workers' compensation or unemployment compensation claim with respect to covered claims, though I am giving up the opportunity to recover monetary amounts from any such governmental agency related claim (e.g., NLRB or EEOC) and would instead be able to pursue a claim for monetary amounts through arbitration.  I also understand that if a third party seeks to have Epic garnish my wages, I may be subject to third-party garnishment proceedings in court, even though such a dispute concerns my wages.

Right to Representation.  Both Epic and I shall have the right to be represented by an attorney in arbitration.  Neither side is entitled to its attorneys' fees except as provided for by applicable law.

How to File for Arbitration.  To file a demand for arbitration:

1. The party desiring to pursue a legal dispute must prepare a written demand setting forth the claim(s). Epic will pay its own filing fees.  If I initiate the arbitration, I will pay the lesser of the American Arbitration Association's then-current filing fee (as of this date, $200), or the then-current filing fee applicable in state court.

2. The employment dispute resolution rules of the American Arbitration Association ("AAA") effective at the time of my filing will apply.  The current version of the rules can be found on pages 15-31 here: https://www.adr.org/aaa/ShowProperty?nodeId=/UCM/ADRSTG_004362&revision=latestreleased. These rules are modified by the terms of this Agreement, including the following:

   a. Epic will pay the arbitrator's fees and the arbitration filing and administrative fees, less my initial payment for the applicable filing fee;

   b. Epic and I will each have the opportunity to "rank" our preference for the appointed arbitrator from a list of nine proposed arbitrators and the AAA will then appoint the arbitrator;

   c. The arbitrator shall have the authority to issue an award or partial award without conducting a hearing on the grounds that there is no claim on which relief can be granted or that there is no genuine issue of material fact to resolve at a hearing, consistent with Rules 12 and 56 of the Federal Rules of Civil Procedure ("FRCP");

   d. Each party shall be entitled to only one interrogatory limited to the identification of potential witnesses, in a form consistent with Rule 33 of the FRCP;

   e. Each party shall be entitled to only 25 requests for production of documents, in a form consistent with Rule 34 of the FRCP;

   f. Each party shall be entitled a maximum of two (2) eight-hour days of depositions of witnesses in a form consistent with Rule 30 of the FRCP;

   g. The arbitrator shall decide all disputes related to discovery and to the agreed limits on discovery and may allow additional discovery upon a showing of substantial need by either party or upon a showing of an inability to pursue or defend certain claims without such additional discovery;

   h. The arbitrator must issue a decision in writing, setting forth in summary form the reasons for the arbitrator's determination and the legal basis therefor; and

   i. The arbitrator's authority shall be limited to deciding the case submitted by the parties to the arbitration. Therefore, no decision by any arbitrator shall serve as precedent in other arbitrations except in a dispute between the same parties, in which case it could be used to preclude the same claim from being re-arbitrated.

Settlement.  I may settle any dispute with the company at any time without involvement of the arbitrator.

Modifications and Amendments.  I understand and agree that Epic may change or terminate this agreement after giving me 90 days written or electronic notice.  Any change or termination will not apply to a pending claim.

Savings Clause & Conformity Clause.  If any provision of this agreement is determined to be unenforceable or in conflict with a mandatory provision of applicable law, it shall be construed to incorporate any mandatory provision, and/or the unenforceable or conflicting provision shall be automatically severed and the remainder of the agreement shall not be affected.  Provided, however, that if

the Waiver of Class and Collective Claims is found to be unenforceable, then any claim brought on a class, collective, or representative action basis must be filed in a court of competent jurisdiction, and such court shall be the exclusive forum for such claims.

Controlling Law.  I agree that this agreement is made pursuant to and shall be governed under the Federal Arbitration Act.

# EXHIBIT B

**Rooney, Arthur J**

| | |
|---|---|
| **From:** | Tina Perkins <tperkins@epic.com> |
| **Sent:** | Wednesday, April 02, 2014 4:13 PM |
| **To:** | Tina Perkins |
| **Subject:** | Mutual Arbitration Agreement Regarding Wages And Hours |
| **Attachments:** | Final PDF Mutual Arbitration Agreement Regarding Wages and Hours 04-02-2....pdf |

**Importance:**        High

For about 6 months, we have been discussing the pros and cons of arbitration vs. litigation for employment related matters. The recent class action case filed against us, claiming that some of our salaried professionals should be re-classified as hourly employees, has convinced us that litigation is inefficient and wasteful, and highlights the advantages of arbitration.

Arbitration will allow you to pursue your individual claims as if you were in court. The same laws apply and the arbitrator (whom you would participate in selecting) would be directed to reach a legal conclusion, and can provide the same remedies as if you were in court. Since arbitration puts some reasonable limits on processes, by addressing the merits of your claim through arbitration, rather than through individual litigation or class action, disputes can be resolved more quickly, with less expense and without the extraordinary distraction from our work that litigation often imposes.

Under the new process, Epic will pay for the costs of arbitration. You would pay a "filing fee" (described below) and although you don't need a lawyer for arbitration, you still may retain one at your expense.

The new process is described in the Mutual Arbitration Agreement Regarding Wages And Hours shown below and also attached. Please review the Agreement thoroughly as it affects our mutual rights related to "covered claims" as defined in the Agreement.

Please review and acknowledge your Agreement by clicking "Vote" and then selecting "I understand and agree" or if you'd like someone to contact you about it, please select "Contact me."



We will follow up with you if we have not otherwise heard from you before end of day on Friday April 4th.

- - - - -

**MUTUAL ARBITRATION AGREEMENT REGARDING WAGES AND HOURS**
**April 2, 2014**

<u>Agreement to Arbitrate</u>. Epic Systems Corporation ("Epic") and I agree to use binding arbitration, instead of going to court, for any "covered claims" that arise or have arisen between me and Epic, its related and affiliated companies,

and/or any current or former employee of Epic or a related or affiliated company. I understand that if I continue to work at Epic, I will be deemed to have accepted this Agreement.

"Covered claims" are any statutory or common law legal claims, asserted or unasserted, alleging the underpayment or overpayment of wages, expenses, loans, reimbursements, bonuses, commissions, advances, or any element of compensation, based on claims of eligibility for overtime, on-the-clock, off-the-clock or other uncompensated hours worked claims, timing or amount of pay at separation, improper deductions of pay or paid-time-off, fee disputes, travel time claims, meal or rest period claims, overpayment claims, claims of failure to reimburse or repay loans or advances, claims over improper or inaccurate pay statements, or any other claimed violation of wage-and-hour practices or procedures under local, state or federal statutory or common law.

**I understand and agree that arbitration is the only litigation forum for resolving covered claims, and that both Epic and I are waiving the right to a trial before a judge or jury in federal or state court in favor of arbitration.**

The Arbitrator shall have the authority to award the same damages and other relief that would have been available in court pursuant to applicable law. The arbitrator shall follow the rules of law of the state which is the employee's principal place of work, any applicable Federal law, and the rules as stated in this Agreement. The arbitrator shall have the authority to grant any remedy or relief that the arbitrator deems just and equitable and which is authorized by and consistent with applicable law, including applicable statutory or other limitations on damages.

Waiver of Class and Collective Claims. I also agree that covered claims will be arbitrated only on an individual basis, and that both Epic and I waive the right to participate in or receive money or any other relief from any class, collective, or representative proceeding. No party may bring a claim on behalf of other individuals, and any arbitrator hearing my claim may not: (i) combine more than one individual's claim or claims into a single case; (ii) participate in or facilitate notification of others of potential claims; or (iii) arbitrate any form of a class, collective, or representative proceeding.

At Will Employment Unchanged by this Agreement. Nothing in this agreement changes or in any manner modifies my relationship with Epic of employment-at-will.

Claims not Covered by this Agreement. Covered claims under this agreement do not include claims alleging discrimination, harassment, or retaliation. Also excluded from this agreement are any claims that cannot be required to be arbitrated as a matter of law. I also understand that I am not barred from filing a claim or charge with a governmental administrative agency, such as the National Labor Relations Board or Equal Employment Opportunity Commission, or from filing a workers' compensation or unemployment compensation claim with respect to covered claims, though I am giving up the opportunity to recover monetary amounts from any such governmental agency related claim (e.g., NLRB or EEOC) and would instead be able to pursue a claim for monetary amounts through arbitration. I also understand that if a third party seeks to have Epic garnish my wages, I may be subject to third-party garnishment proceedings in court, even though such a dispute concerns my wages.

Right to Representation. Both Epic and I shall have the right to be represented by an attorney in arbitration. Neither side is entitled to its attorneys' fees except as provided for by applicable law.

How to File for Arbitration. To file a demand for arbitration:

1. The party desiring to pursue a legal dispute must prepare a written demand setting forth the claim(s). Epic will pay its own filing fees. If I initiate the arbitration, I will pay the lesser of the American Arbitration Association's then-current filing fee (as of this date, $200), or the then-current filing fee applicable in state court.

2. The employment dispute resolution rules of the American Arbitration Association ("AAA") effective at the time of my filing will apply. The current version of the rules can be found on pages 15-31 here: https://www.adr.org/aaa/ShowProperty?nodeId=/UCM/ADRSTG_004362&revision=latestreleased. These rules are modified by the terms of this Agreement, including the following:

a. Epic will pay the arbitrator's fees and the arbitration filing and administrative fees, less my initial payment for the applicable filing fee;

b. Epic and I will each have the opportunity to "rank" our preference for the appointed arbitrator from a list of nine proposed arbitrators and the AAA will then appoint the arbitrator;

c. The arbitrator shall have the authority to issue an award or partial award without conducting a hearing on the grounds that there is no claim on which relief can be granted or that there is no genuine issue of material fact to resolve at a hearing, consistent with Rules 12 and 56 of the Federal Rules of Civil Procedure ("FRCP");

d. Each party shall be entitled to only one interrogatory limited to the identification of potential witnesses, in a form consistent with Rule 33 of the FRCP;

e. Each party shall be entitled to only 25 requests for production of documents, in a form consistent with Rule 34 of the FRCP;

f. Each party shall be entitled a maximum of two (2) eight-hour days of depositions of witnesses in a form consistent with Rule 30 of the FRCP;

g. The arbitrator shall decide all disputes related to discovery and to the agreed limits on discovery and may allow additional discovery upon a showing of substantial need by either party or upon a showing of an inability to pursue or defend certain claims without such additional discovery;

h. The arbitrator must issue a decision in writing, setting forth in summary form the reasons for the arbitrator's determination and the legal basis therefor; and

i. The arbitrator's authority shall be limited to deciding the case submitted by the parties to the arbitration. Therefore, no decision by any arbitrator shall serve as precedent in other arbitrations except in a dispute between the same parties, in which case it could be used to preclude the same claim from being re-arbitrated.

<u>Settlement</u>.  I may settle any dispute with the company at any time without involvement of the arbitrator.

<u>Modifications and Amendments</u>.  I understand and agree that Epic may change or terminate this agreement after giving me 90 days written or electronic notice.  Any change or termination will not apply to a pending claim.

<u>Savings Clause & Conformity Clause</u>.  If any provision of this agreement is determined to be unenforceable or in conflict with a mandatory provision of applicable law, it shall be construed to incorporate any mandatory provision, and/or the unenforceable or conflicting provision shall be automatically severed and the remainder of the agreement shall not be affected.  Provided, however, that if the Waiver of Class and Collective Claims is found to be unenforceable, then any claim brought on a class, collective, or representative action basis must be filed in a court of competent jurisdiction, and such court shall be the exclusive forum for such claims.

<u>Controlling Law</u>.  I agree that this agreement is made pursuant to and shall be governed under the Federal Arbitration Act.

# EXHIBIT C

**Rooney, Arthur J**

| | |
|---|---|
| **From:** | Arbitration Agreement Replies <arbitration_agreement_replies@epic.com> |
| **Sent:** | Wednesday, February 11, 2015 2:16 PM |
| **To:** | Eli Selinger; Mike Wokasch |
| **Subject:** | FW: Mutual Arbitration Agreement Regarding Wages And Hours |

**From:** Jacob Lewis
**Sent:** Thursday, April 03, 2014 9:44 AM
**To:** Arbitration Agreement Replies
**Subject:** I understand and agree: Mutual Arbitration Agreement Regarding Wages And Hours