# Exhibit A

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

**LEWIS, J.,**
individually and on behalf of all
others similarly situated,

        Plaintiffs,

v.

Case No. 3:15-cv-00082

**EPIC SYSTEMS CORPORATION,**

        Defendant.

## DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant Epic Systems Corporation, pursuant to Fed. R. Civ. P. 26 and 33, answers

Plaintiff's First Set of Interrogatories as follows:

### INTERROGATORY NO. 1:

Identify the name, address, and telephone number of every person who was involved in
drafting the arbitration agreement disseminated April 2, 2014, as well as the electronic message
that accompanied it.

### ANSWER:

Epic objects to this interrogatory on the basis that it is not reasonably calculated to lead to

the discovery of relevant, admissible evidence, especially as to the enforceability of the

arbitration agreement as to Plaintiff Jacob Lewis.

### INTERROGATORY NO. 2:

Identify the name, address, and telephone number of the person or persons primarily
responsible for drafting the arbitration agreement disseminated April 2, 2014, as well as the
electronic message that accompanied it.

19594445v.1

**ANSWER:**

Epic objects to this interrogatory on the basis that it is not reasonably calculated to lead to the discovery of relevant, admissible evidence, especially as to the enforceability of the arbitration agreement as to Plaintiff Jacob Lewis. Notwithstanding and without waiving this objection, General Counsel Erik Phelps was primarily responsible for the drafting of the arbitration agreement and the electronic message that accompanied it. Phelps should only be contacted through the undersigned counsel.

**INTERROGATORY NO. 3:**

Identify the name, address, and telephone number of every person who was involved in Epic's 6-month discussion of "the pros and cons of arbitration vs. litigation for employment related matters," as referenced in the April 2, 2014 email accompanying the arbitration agreement.

**ANSWER:**

Epic objects to this interrogatory on the basis that it is not reasonably calculated to lead to the discovery of relevant, admissible evidence, especially as to the enforceability of the arbitration agreement as to Plaintiff Jacob Lewis.

**INTERROGATORY NO. 4:**

Identify the date on which Epic began its 6-month discussion of "the pros and cons of arbitration vs. litigation for employment related matters," as referenced in the April 2, 2014 email accompanying the arbitration agreement.

**ANSWER:**

Epic objects to this interrogatory on the basis that it is not reasonably calculated to lead to the discovery of relevant, admissible evidence, especially as to the enforceability of the arbitration agreement as to Plaintiff Jacob Lewis.

**INTERROGATORY NO. 5:**

Identify the name, address, and telephone number of every person who was involved in drafting the March 18, 2015 email regarding the present litigation.

**ANSWER:**

Epic objects to this interrogatory on the basis that it is not reasonably calculated to lead to

the discovery of relevant, admissible evidence, especially as to the enforceability of the

arbitration agreement as to Plaintiff Jacob Lewis.

**INTERROGATORY NO. 6:**

Identify the name, address, and telephone number of the person or persons primarily responsible for drafting the March 18, 2015 email regarding the present litigation.

**ANSWER:**

Epic objects to this interrogatory on the basis that it is not reasonably calculated to lead to

the discovery of relevant, admissible evidence, especially as to the enforceability of the

arbitration agreement as to Plaintiff Jacob Lewis.

**INTERROGATORY NO. 7:**

Identify all persons who received the March 18, 2015 email regarding the present litigation.

**ANSWER:**

Epic objects to this interrogatory on the basis that it is not reasonably calculated to lead to

the discovery of relevant, admissible evidence, especially as to the enforceability of the

arbitration agreement as to Plaintiff Jacob Lewis.

**INTERROGATORY NO. 8:**

Identify the name, address, and telephone number of every person responsible for contacting employees who voted "Contact Me" in response to the April 2, 2014 arbitration agreement and accompanying email.

**ANSWER:**

Epic objects to this interrogatory on the basis that it is not reasonably calculated to lead to

the discovery of relevant, admissible evidence, especially as to the enforceability of the

3

arbitration agreement as to Plaintiff Jacob Lewis, particularly because Lewis did not vote

"Contact Me."

## INTERROGATORY NO. 9:

Identify the name, address, and telephone number of every person responsible for
contacting employees who did not vote in response to the April 2, 2014 arbitration agreement
and accompanying email.

### ANSWER:

Epic objects to this interrogatory on the basis that it is not reasonably calculated to lead to

the discovery of relevant, admissible evidence, especially as to the enforceability of the

arbitration agreement as to Plaintiff Jacob Lewis, particularly because Lewis did vote in response

to the April 2, 2014 agreement and accompanying email.

## INTERROGATORY NO. 10:

Identify any employees or positions ("roles") that did not receive the April 2, 2014
arbitration agreement and/or accompanying email.

### ANSWER:

Epic objects to this interrogatory on the basis that it is not reasonably calculated to lead to

the discovery of relevant, admissible evidence, especially as to the enforceability of the

arbitration agreement as to Plaintiff Jacob Lewis. Notwithstanding and without waiving this

objection, the QA position did not receive the April 2, 2014 arbitration agreement and

accompanying email.

## INTERROGATORY NO. 11:

Identify all instances in which an Epic employee has filed a demand for arbitration of a
"covered claim," as defined by the arbitration agreement disseminated April 2, 2014.

### ANSWER:

None.

4

## INTERROGATORY NO. 12:

Identify all instances in which Epic has filed a demand for arbitration against an employee for a "covered claim," as defined by the arbitration agreement disseminated April 2, 2014.

### ANSWER:

None.

## INTERROGATORY NO. 13:

Identify all occasions in the history of the corporation where Epic has filed a lawsuit against any employee in any court of law for a "covered claim," as defined by the arbitration agreement disseminated April 2, 2014.

### ANSWER:

Epic has pursued employees to obtain reimbursement of an overpayment of wages, but

cannot recall whether it ever has had occasion to file a lawsuit in pursuit of that goal.

## INTERROGATORY NO. 14:

Identify all investigations, efforts, or actions taken in response to *Nordgren v. Epic Systems Corp.* to ensure that Epic's pay practices comply with state and federal wage and hour laws.

### ANSWER:

Epic objects to this interrogatory on the basis that it is not reasonably calculated to lead to

the discovery of relevant, admissible evidence, especially as to the enforceability of the

arbitration agreement as to Plaintiff Jacob Lewis.

## INTERROGATORY NO. 15:

Identify all persons involved in the investigations and subsequent actions referenced in Interrogatory No. 7.

### ANSWER:

Because no investigation or subsequent action is described in Interrogatory No. 7, Epic

states that there are none.

5

19594445v.1

**INTERROGATORY NO. 16:**

Identify all positions reclassified as either exempt or non-exempt in response to any investigation following the filing of the *Nordgren v. Epic Systems Corp.* complaint.

**ANSWER:**

Epic objects to this interrogatory on the basis that it is not reasonably calculated to lead to

the discovery of relevant, admissible evidence, especially as to the enforceability of the

arbitration agreement as to Plaintiff Jacob Lewis.  Epic also objects to this request on the basis

that it is overbroad to the extent that it seeks information on issues positions other than those

relating to the issues in this lawsuit.

**INTERROGATORY NO. 17:**

Identify every judicial or administrative proceeding, investigation, or inquiry of any kind, including internal inquiries or complaints, whether oral or written, in which Defendant (or any of its officers, directors, employees, agents or representatives) has been accused of wage and hour violations or questioned regarding potential violations of any wage and hour law or regulation. Your response should identify all employee inquiries to TLs or HR as to why they are not paid overtime, as well as any statements regarding wages, overtime, or exempt status made during exit interviews (e.g., Plaintiff Dayna Long's statement during her exit interview that TWs should be paid on an hourly basis.)

**ANSWER:**

Epic objects to this interrogatory on the basis that it is not reasonably calculated to lead to

the discovery of relevant, admissible evidence, especially as to the enforceability of the

arbitration agreement as to Plaintiff Jacob Lewis.  Epic also objects to this interrogatory on the

basis that it is overbroad to the extent that it seeks information on wage-hour issues other than

those relating to the issues in this lawsuit.

**INTERROGATORY NO. 18:**

If your response to any request for production is denied in part or in whole, describe in detail every document or thing withheld, including the date and author of the document, and the general content of the document, and identify every basis claimed for refusing to provide the document.

6

**ANSWER:**

Epic objects to this interrogatory to the extent that it requires Epic to describe documents withheld on any basis other than attorney-client privilege or attorney work-product protection because that exceeds the requirements of the Federal Rules of Civil Procedure and it is unduly burdensome. Notwithstanding and without waiving these objections, Epic will produce a privilege log at the appropriate time, but states that it has not withheld from production any document solely based on the assertion of privilege.

**Dated:  April 24, 2015**

Respectfully submitted,

EPIC SYSTEMS CORPORATION

By s/ Noah A. Finkel
       One of Its Attorneys

Noah A. Finkel (nfinkel@seyfarth.com)
Arthur J. Rooney (arooney@seyfarth.com)
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
(312) 460-5000

7

## **VERIFICATION**

I, Tina Perkins, Vice President -- Implementation for Epic Systems Corporation, certify that I have reviewed the foregoing Answers to Plaintiff's First Set of Interrogatories for and on behalf of Epic, and that, to the best of my knowledge, the statements set forth therein are true and correct.

Executed on April 24, 2015

_____

8

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on April 24, 2015, he caused a true and correct

copy of the foregoing to be served upon the following counsel of record via electronic and

regular mail:

> William Parsons
> wparsons@hq-law.com
> David C. Zoeller
> dzoeller@hq-law.com
> Caitlin M. Madden
> cmadden@hq-law.com
> Hawks Quindel, S.C.
> 222 West Washington Avenue, Suite 450
> Madison, Wisconsin 53701-2155
>
> Daniel A. Rottier
> rottier@habush.com
> Jason Knutson
> jknutson@habush.com
> Breanne L. Snapp
> bsnapp@Habush.com
> Habush Habush & Rottier, S.C.
> 150 East Gilman Street, Ste. 2000
> Madison, Wisconsin 53701

_s/ Noah A. Finkel_____

9

19594445v.1

**VERIFICATION**

I, Tina Perkins, Vice President -- Implementation for Epic Systems Corporation, certify that I have reviewed the foregoing Answers to Plaintiff's First Set of Interrogatories for and on behalf of Epic, and that, to the best of my knowledge, the statements set forth therein are true and correct.

Executed on April 24, 2015

*Tina Perkins*

8

19594445v.1