IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LEWIS, J., individually and on behalf
of all others similarly situated,

                    Plaintiff,

      v.

EPIC SYSTEMS CORPORATION,

                    Defendant.

OPINION AND ORDER

15-cv-82-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Plaintiff J. Lewis was a technical writer for defendant Epic Systems Corporation.  In this proposed collective action, plaintiff contends that defendant misclassified his position as exempt from the requirement to pay overtime wages under the Fair Labor Standards Act. Defendant has filed a motion to dismiss the case on the ground that plaintiff's claims are subject to an arbitration agreement.  Dkt. #19.  Plaintiff concedes that his claims fall within the scope of the arbitration agreement, but he argues that the agreement is invalid because it is unconscionable.  Alternatively, he says that the court should invalidate the provision in the agreement called "Waiver of Class and Collective Claims," which requires employees to arbitrate claims "only on an individual basis."

       In this case, it makes sense to consider the second argument first because it may be dispositive.  As plaintiff points out, the arbitration agreement includes the following "savings clause": "[I]f the Waiver of Class and Collective Claims is found to be unenforceable, then

1

any claim brought on a class, collective or representative action basis must be filed in a court of competent jurisdiction, and such court shall be the exclusive forum for such claims." Dkt. #22-1 at 3. Thus, if I conclude that the waiver is invalid, plaintiff's challenge to the rest of the arbitration agreement is moot.

As the parties acknowledge, I considered a similar waiver in an arbitration agreement in Herrington v. Waterstone Mortgage Corp., No. 11-cv-779-bbc (W.D. Wis.). In that case, the agreement stated that "[s]uch arbitration may not be joined with or join or include any claims by any persons not party to this Agreement." In an order dated March 16, 2012, I concluded that the waiver was inconsistent with In re D.R. Horton, Inc., 357 NLRB No. 184 (2012), available at 2012 WL 36274, in which the National Labor Relations Board held that an employer violates the National Labor Relations Act by entering into individual arbitration agreements that include a prohibition on collective actions by employees.

The board's reasoning was straightforward. Under the NLRA, "[e]mployees shall have the right to . . . engage in . . . concerted activities for the purpose of . . . mutual aid or protection." 29 U.S.C. § 157. Both courts and the board have found consistently that lawsuits for unpaid wages brought by multiple plaintiffs may be one type of "concerted activity" protected by §§ 157 and 158(a)(1). Brady v. National Football League, 644 F.3d 661, 673 (8th Cir. 2011) ("[A] lawsuit filed in good faith by a group of employees to achieve more favorable terms or conditions of employment is 'concerted activity' under § 7 of the National Labor Relations Act."); Leviton Manufacuring Co., Inc. v. NLRB, 486 F.2d 686, 689 (1st Cir. 1973) ("[T]he filing of a labor related civil action by a group of employees is

ordinarily a concerted activity protected by § 7, unless the employees acted in bad faith.");
Saigon Gourmet Restaurant, 353 NLRB No. 110 (2009) ("[A] wage and hour lawsuit [is] clearly protected concerted activity."); In re 127 Restaurant Corp., 331 NLRB 269, 269 (2000) (lawsuit filed on behalf of 17 employees regarding wages was protected activity); 52nd Street Hotel Associates, 321 NLRB 624, 624 (1996) (collective action brought under FLSA was protected activity), abrogated on other grounds by Stericycle, Inc., 357 NLRB No. 61 (2011); Host International, 290 NLRB 442, 443 (1988) (multiple-plaintiff lawsuit "concerning working conditions" was protected activity); United Parcel Service, Inc., 252 NLRB 1015, 1016 (1980) (class action lawsuit regarding lunch breaks is protected activity), enforced, 677 F.2d 421, 422 (6th Cir.1982); Trinity Trucking & Materials Corp., 221 NLRB 364, 364 (1975) (filing of lawsuit by group of employees for failure to pay wages in accordance with contract was protected activity), enforced, 567 F.2d 391 (7th Cir.1977).

Further, under 29 U.S.C. § 158(a)(1), employers may not "interfere with, restrain, or coerce employees in the exercise of" an employee's rights under § 157. Citing J.I. Case Co. v. NLRB, 321 U.S. 332 (1944), and NLRB v. Stone, 125 F.2d 752, 756 (7th Cir.1942), the board concluded in Horton, 2012 WL 36274, at *7, that an employer interferes with an employee's right to engage in concerted activities by requiring her to sign an agreement that includes a prohibition on collective actions by employees. See also Eastex, Inc. v. NLRB, 437 U.S. 556, 565–66 (1978) ("[T]he 'mutual aid or protection' clause protects employees from retaliation by their employers when they seek to improve working conditions through resort to administrative and judicial forums."). Finally, the board concluded that there is no

conflict between the Federal Arbitration Act and the NLRA because the Federal Arbitration Act does not require the enforcement of arbitration agreements that conflict with substantive provisions of federal law.

Noting that "courts must give considerable deference to the Board's interpretations of the NLRA," <u>ABF Freight System, Inc. v. NLRB</u>, 510 U.S. 317, 324 (1994), I concluded that the board's decision was "reasonably defensible" and therefore controlling.  <u>Sure–Tan, Inc. v. NLRB</u>, 467 U.S. 883, 891 (1984).  Accordingly, I invalidated the waiver on collective action in the arbitration agreement and I determined that the plaintiff must be allowed to join other employees to her case. <u>Herrington v. Waterstone Mortgage Corp.</u>, No. 11-cv-779-bbc, 2012 WL 1242318, at **6-7 (W.D. Wis. Mar. 16, 2012).

Two years later (while the case was pending before the arbitrator), the employer sought reconsideration of the decision on the ground that new case law supported a view that employees cannot rely on the NLRA to invalidate arbitration provisions that prohibit joint litigation.  The employer relied primarily on <u>D.R. Horton, Inc. v. NLRB</u>, 737 F.3d 344 (5th Cir. 2013), a split decision in which the Court of Appeals for the Fifth Circuit declined to enforce the board's order invalidating the waiver on collective action.  Although I denied the employer's motion on procedural grounds, I also analyzed the appellate court's decision in detail.  I chose to adhere to the board's decision because "the majority never persuasively rebutted the board's conclusion that a collective litigation waiver violates the NLRA and never explained why, if there is tension between the NLRA and the FAA, it is the FAA that should trump the NLRA, rather than the reverse." <u>Herrington v. Waterstone Mortgage</u>

4

Corp., 993 F. Supp. 2d 940, 943-46 (W.D. Wis. 2014).  Further, the other cases cited by the employer did not include additional reasoning.

In this case, defendant does not identify any way to distinguish its collective action waiver from the waiver considered in Herrington.  Although defendant asks the court to "reconsider its prior deference" to the board's decision, Dft.'s Br., dkt. #20, at 10, defendant does not challenge the reasoning in Herrington or otherwise develop an argument in favor of a different result.  It simply cites the cases in which courts have declined to follow the board.

As I did in Herrington, 993 F. Supp. 2d at 941, "I acknowledge that the weight of authority . . . favors defendant's view. . . . It may be that ultimately the Supreme Court or the Court of Appeals for the Seventh Circuit will agree with defendant, but until that time, I will adhere to the decision of the board."  Accordingly, I am denying defendant's motion to dismiss.


ORDER

IT IS ORDERED that defendant Epic Systems Corporation's motion to dismiss, dkt. #19, is DENIED.

Entered this 10th day of September, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

5