## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

---

**LEWIS, J.,**
individually and on behalf of all
others similarly situated,

        Plaintiffs,

        v.                                    Case No. 3:15-cv-00082

**EPIC SYSTEMS CORPORATION,**

        Defendant.

---

### DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING APPEAL

---

Defendant Epic Systems Corporation ("Epic") hereby moves for a stay of the proceedings in the case pending its appeal of the Court's September 11, 2015 Order.

### <u>INTRODUCTION</u>

On September 11, 2015, the Court denied Epic's Motion to Compel Arbitration of the claims brought by Plaintiff Jacob Lewis ("Lewis"). (Dkt. 54.) On the same day, Epic filed its Notice of Appeal, invoking the Federal Arbitration Act ("FAA"), 9 U.S.C. § 16(a), which permits an immediate, non-discretionary appeal of such an order. (Dkt. 55.)

When a party files an appeal from an order denying a motion to compel arbitration, the district court proceedings are stayed except in the unusual circumstance where the appeal is found to be frivolous. *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 506 (7th Cir. 1997). Epic's appeal is not frivolous, so the Court should enter an order staying this action pending the Seventh Circuit's resolution of Epic's appeal.

## RELEVANT FACTUAL BACKGROUND

Lewis commenced this action on February 10, 2015 with the filing of a Complaint alleging that he and a putative class and collective had been denied overtime wages.  (Dkt. 1.)  Epic has not answered the Complaint.  Instead, on April 13, 2015, Epic moved to dismiss the Complaint and compel arbitration of Lewis' individual claims pursuant to the parties' Mutual Arbitration Agreement Regarding Wages and Hours.  (Dkt. 20.)

On September 11, 2015, the Court denied Epic's motion to dismiss and compel arbitration.  (Dkt. 54.)  While Lewis had "concede[d] that his claims fall within the scope of the arbitration agreement" (*id*. at 1), the Court concluded that the agreement was unenforceable.  Specifically, the Court adopted the reasoning of the National Labor Relations Board as stated in *In re D.R. Horton, Inc.*, 357 NLRB No. 184 (2012), and held that the arbitration agreement violated Section 7 of the NLRA by permitting Lewis to pursue only individual claims.  (Dkt. 54 at 2-5.)  In reaching this conclusion, the Court nonetheless "acknowledge[d] that the weight of authority . . . favors defendant's view . . .  It may be that ultimately the Supreme Court or the Court of Appeals for the Seventh Circuit will agree with defendant, but until that time, I will adhere to the decision of the board."  (*Id*. at 5.)

Later on September 11, 2015, Epic filed its Notice of Appeal of the Court's denial of the motion to dismiss and compel arbitration.  (Dkt. 55.)

On October 22, 2015, the parties appeared for a telephonic status conference before Magistrate Judge Crocker.  (Dkt. 61.)  During the conference, "the court advised counsel that in light of its decision to deny defendant's motion to dismiss the Lewis lawsuit, it intended to schedule both the Lewis and the Long cases out to trial without a stay during the interlocutory appeal."  (*Id*.)  In response, Epic "provided its view that it is entitled to a stay under the Arbitration Act; the court invited [Epic] to file a motion to this effect."  (*Id*.)

2

<u>**ARGUMENT**</u>

**I.      UNDER THE FAA, THE DENIAL OF A MOTION TO DISMISS OR STAY IN FAVOR OF ARBITRATION IS IMMEDIATELY APPEALABLE**

Epic's appeal of the denial of the motion to dismiss and compel arbitration is not a discretionary appeal that the Seventh Circuit Court of Appeals may or may not accept.  Rather, it is an appeal as of right, and on which the Court of Appeals already has issued a briefing schedule.

While courts of appeals ordinarily only have jurisdiction over "final decisions" of district courts, 28 U.S.C. § 1291, the FAA provides an exception that allows "an appeal [to be] be taken from . . . an order . . . refusing a stay of any action under section 3 of this title." 9 U.S.C. § 16(a)(1)(A). "By that provision's clear and unambiguous terms, any litigant who asks for a stay under § 3 is entitled to an immediate appeal from denial of that motion, regardless of whether the litigant is in fact eligible for a stay." *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 627 (2009); *Janiga v. Questar Capital Corp.*, 615 F.3d 735, 740 (7th Cir. 2010) ("an interlocutory appeal may be taken from a district court order 'refusing a stay of any action . . . under this title' or 'denying a petition . . . to order arbitration to proceed.'") (citing 9 U.S.C. § 16).

Epic exercised its right to an immediate interlocutory appeal of the September 11, 2015 Order by filing a Notice of Appeal on the same day, specifically invoking Section 16 of the FAA.  (Dkt. 55.)

**II.      PENDING RESOLUTION OF THE APPEAL, PROCEEDINGS IN THIS COURT ARE STAYED UNDER CONTROLLING SEVENTH CIRCUIT AUTHORITY**

"[I]t is fundamental to a hierarchical judiciary that 'a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously.  The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in

the appeal.'" *Bradford-Scott*, 128 F.3d at 506-07, citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).

When the appeal arises from a decision to deny a motion to compel arbitration, there are no collateral issues over which the Court retains control: "[w]hether the case should be litigated in the district court" or decided through arbitration "is the mirror image of the question presented on appeal." *Bradford-Scott*, 128 F.3d at 505. As a consequence, an appeal of an order denying arbitration acts as an automatic stay of the district court proceedings.

The leading case for this principle is *Bradford-Scott*, which arose after a district court denied the defendant's request to stay the litigation pursuant to Section 3 of the FAA, and likewise refused to stay the proceedings while the defendant appealed. 128 F.3d at 505. The defendant then moved the Seventh Circuit for a stay pending appeal, which the appellate court granted. *Id*. at 507. The court's rationale is consistent with the FAA's principal purpose to ensure that parties get their bargained-for benefits of arbitration:

> Arbitration clauses reflect the parties' preference for non-judicial dispute resolution, which may be faster and cheaper. These benefits are eroded, and may be lost or even turned into net losses, if it is necessary to proceed in both judicial and arbitral forums, or to do this sequentially. The worst possible outcome would be to litigate the dispute, to have the court of appeals reverse and order the dispute arbitrated, to arbitrate the dispute, and finally to return to court to have the award enforced. Immediate appeal under § 16(a) helps to cut the loss from duplication. Yet combining the costs of litigation and arbitration is what lies in store if a district court continues with the case while an appeal under § 16(a) is pending.

*Id*. at 506.[1]

For these reasons, cases arising from a decision that refuses to enforce an arbitration agreement are "poor candidates for exceptions to the principle that a notice of appeal divests the

---

[1] The same rule has been adopted in the majority of circuits that have taken up the question. *See Levin v. Alms & Assocs., Inc.*, 634 F.3d 260, 264-66 (4th Cir. 2011) (discussing and adopting the Seventh Circuit's "seminal case" on this topic, *Bradford-Scott*); *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 n.6 (3d Cir. 2007); *McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158, 1160-62 (10th Cir. 2005); *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251-52 (11th Cir. 2004).

4

district court of power to proceed with the aspects of the case that have been transferred to the court of appeals." *Id*. Indeed, the sole exception to the rule is for a purely "frivolous" appeal. 128 F.3d at 506.

Under Seventh Circuit law, an appeal is "frivolous" only when the result is "foreordained by the lack of substance to the appellant's arguments" or where the argument "has no prospect of success no matter what standard of review [is] used." *Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928, 938 (7th Cir. 1989); *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 539 (7th Cir. 2007); *Jimenez v. Madison Area Technical Coll.*, 321 F.3d 652, 658 (7th Cir. 2003).

Here, Epic's appeal is plainly not frivolous. The Court's decision relies on the reasons articulated in the NLRB's *In re D.R. Horton, Inc.* decision, which concluded that class and collective waivers impede the ability of employees to engage in collective legal action. The Board's ruling was overturned by the Fifth Circuit, *see D.R. Horton, Inc. v. NLRB*, 737 F.3d 344 (5th Cir. 2013), and, as explained in Epic's briefing on the issue, has been rejected by most courts.

Indeed, in its denial of the motion to dismiss, this Court "acknowledge[d] that the weight of authority . . . favors defendant's view . . . It may be that ultimately the Supreme Court or the Court of Appeals for the Seventh Circuit will agree with defendant, but until that time, I will adhere to the decision of the board." (Dkt. 54 at 5.) This acknowledgment suffices to establish that the appeal is not frivolous and the district court proceedings should be stayed pending resolution by the court of appeals. *See Pine Top Receivables of Illinois, LLC v. Banco De Seguros Del Estado*, No. 12 C 6357, 2013 WL 3776971 (N.D. Ill. July 18, 2013) ("While we rejected Plaintiff's right to compel arbitration, we do not believe that Plaintiff filed this appeal in bad faith or in the complete absence of colorable legal arguments. Therefore, we see no basis for

denying the motion for stay."); *French v. Wachovia Bank*, No. 06-C-869, 2008 WL 2439717, *1 (E.D. Wis. June 16, 2008) ("While the Court was not persuaded by Wachovia's arguments, that does not render those arguments 'utterly meritless'" and "the Court will stay this matter pending Wachovia's appeal.").

## **CONCLUSION**

Defendant Epic Systems Corporation has exercised its right to an immediate interlocutory appeal pursuant to Section 15 of the Federal Arbitration Agreement.  The appeal, which is not frivolous, leaves no collateral issues under the Court's control and thus divests the Court of jurisdiction until the court of appeals has ruled.  Accordingly, Epic respectfully requests that this Court grant the instant motion and stay these proceedings pending the outcome of arbitration. Epic further requests that, in the event that the Court grants this motion, the Court schedule an additional scheduling conference so that the Court and the parties can discuss how discovery should proceed in the related case of *Long v. Epic Systems Corporation*, No. 3:-15-cv-0081 in light of a stay in the *Lewis* matter.

**Dated:  October 26, 2015**

Respectfully submitted,

EPIC SYSTEMS CORPORATION


By s/ Andrew Scroggins
One of Its Attorneys

Noah A. Finkel (nfinkel@seyfarth.com)
Andrew Scroggins (ascroggins@seyfarth.com)
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
(312) 460-5000

## <u>CERTIFICATE OF SERVICE</u>

I, Andrew Scroggins, an attorney, do hereby certify that, on this 26th day of October

2015, I have caused a true and correct copy of the foregoing DEFENDANT'S MOTION TO

STAY PROCEEDINGS PENDING APPEAL to be filed with the Clerk of the Court using the

CM/ECF system, which will send notification to the following:

> William Parsons
> wparsons@hq-law.com
> David C. Zoeller
> dzoeller@hq-law.com
> Caitlin M. Madden
> cmadden@hq-law.com
> Hawks Quindel, S.C.
> 222 West Washington Avenue, Suite 450
> Madison, Wisconsin 53701-2155
>
> Daniel A. Rottier
> rottier@habush.com
> Jason Knutson
> jknutson@habush.com
> Breanne L. Snapp
> bsnapp@Habush.com
> Habush Habush & Rottier, S.C.
> 150 East Gilman Street, Ste. 2000
> Madison, Wisconsin  53701

   s/ Andrew Scroggins          