IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LEWIS, J., individually and on behalf
of all others similarly situated,

                      Plaintiff,

    v.

EPIC SYSTEMS CORPORATION,

                      Defendant.

ORDER

15-cv-82-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Plaintiff J. Lewis brought this proposed collective action under the Fair Labor Standards Act to obtain unpaid wages for technical writers employed by defendant Epic Systems Corporation. Defendant moved to dismiss the case on the ground that plaintiff's claims are subject to an arbitration agreement, dkt. #19, but I denied the motion, dkt. #54. The issue before the court is whether proceedings should be stayed while defendant appeals that order. Dkt. #62.

       Defendant says that a stay is mandatory under Bradford-Scott Data Corp. v. Physician Computer Network, Inc., 128 F.3d 504, 505 (7th Cir. 1997). Plaintiff says that Bradford-Scott authorizes a district court to deny a motion to stay pending appeal when there is a "good reason" for doing so. This standard is met, plaintiff says, because allowing the case to proceed will "promote the intent of the Fair Labor Standards Act and judicial economy" and allow potential members of a collective action to preserve their claims before

1

their limitations period expires.

A threshold question is whether Bradford-Scott applies to this case. In that case, the court of appeals reviewed a refusal to stay district court proceedings pending appeal of a denial of a motion under 9 U.S.C. § 3 to stay the case while the parties arbitrated their claims in accordance with an arbitration agreement. Under 9 U.S.C. § 16(a)(1)(A), a party has a right to file an interlocutory appeal of an order denying a motion to *stay* under § 3. In this case, defendant asked the court to *dismiss* rather than stay the case pending arbitration. Dkt. #19. In a footnote in his brief, plaintiff notes the difference between Bradford-Scott and this case, dkt. #63 at 5 n.2, but he does not argue that a different standard should apply when the decision being appealed is the denial of a motion to dismiss rather than the denial of a motion to stay. Noohi v. Toll Bros., 708 F.3d 599, 604-05 (4th Cir. 2013) (concluding that § 16 allows party to file immediate appeal of any order that denies enforcement of arbitration clause). See also Bradford-Scott, 128 F.3d at 505 ("[A]nti-arbitration decisions are immediately appealable."). Even if I concluded that § 16(a)(1)(A) does not apply to the denial of a motion to dismiss, § 16(a)(1)(B) allows an appeal of a denial of a motion to compel arbitration. Because defendant's motion included a request to compel arbitration, I conclude that defendant has the right to an immediate appeal, which means that Bradford-Scott supplies the controlling standard in this case.

In Bradford-Scott, 128 F.3d at 505, the court of appeals noted the general rule that "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those

aspects of the case involved in the appeal." The court concluded that appeals under § 16(a) are "poor candidates" for making an exception to the rule because the potential benefits of arbitration would be lost if a case could proceed in district court while a decision denying a request to arbitrate was pending on appeal. Id. at 506 ("The worst possible outcome would be to litigate the dispute, to have the court of appeals reverse and order the dispute arbitrated, to arbitrate the dispute, and finally to return to court to have the award enforced."). As a result, the court of appeals applied the same rule that applies to any other case that is being appealed as a matter of right, which is that the district court may not proceed on any matter related to the appeal unless it certifies that the appeal is frivolous. Id. (citing Apostol v. Gallion, 870 F.2d 1335 (7th Cir. 1989), and Goshtasby v. University of Illinois, 123 F.3d 427 (7th Cir. 1997)).

In support of an argument that a district court is free to continue with the proceedings so long as the court has a "good reason" for doing so, plaintiff cites the following sentence: "We . . . ask[] not whether appellants have shown a powerful reason why the district court must halt proceedings, but whether there is any good reason why the district court may carry on once an appeal has been filed." Bradford-Scott, 128 F.3d at 505. However, the court was not setting forth a standard of review in that sentence. Rather, it was considering whether it should apply the standard for staying a *judgment* pending appeal, which requires the appellant to show irreparable harm and a significant probability of success on the merits. Id. The court concluded that the plaintiff had not shown a "good reason" for declining to apply the general rule that district courts lose jurisdiction over any

3

issue related to a pending appeal. Obviously, if a court lacks jurisdiction, it does not have discretion to determine whether there are sufficiently good reasons for pressing forward with issues that are part of the appeal. Further, plaintiff does not argue that defendant's appeal is frivolous, so the exception recognized in Bradford-Scott does not apply.

The remaining question is whether the case may proceed on issues that are separate from the appeal. In Bradford-Scott, the court did not address this issue directly, but the court suggested that arbitrability is a threshold issue about the proper forum for the case, so almost any proceedings in the district court could conflict with the proceedings on appeal. Id. at 506 ("An appeal authorized by § 16(a)(1)(A) presents the question whether the district court must stay its own proceedings pending arbitration. Whether the litigation may go forward in the district court is precisely what the court of appeals must decide."). Although plaintiff emphasizes in his brief that a notice of appeal divests a district court of jurisdiction only with respect to those aspects of the case that are involved in the appeal, he does not explain how any issues that he wants to adjudicate in this court would be consistent with a potential ruling by the court of appeals that the case must proceed in arbitration. Accordingly, I conclude that the stay will apply to all issues. If plaintiff believes that any particular issue is not implicated by the appeal, he may file a motion in which he attempts to make that showing.

Finally, I note that plaintiff expresses concern that potential members of a collective action may lose their right to sue if they must wait to join the case until the court of appeals remands the case. This is because, under 29 U.S.C. § 256(b), an individual's claim is not

"commenced" until he or she files a consent to join the lawsuit, suggesting that the statute of limitations continues to run until the consent is filed. However, if other employees are prohibited from joining the lawsuit while the appeal is pending, this would present a strong argument for tolling. Lewis v. City of Chicago, 528 F.3d 488, 493 (7th Cir. 2008) ("The doctrine of equitable tolling allows a plaintiff additional time within which to sue (or meet some other deadline) if even diligent efforts on his part would not have enabled him to prepare and file his suit within the statutory period."). Defendant seems to agree that tolling would be appropriate. Dft.'s Br., dkt. #65 at 10 (stating its belief that court may "enter an order tolling the statute of limitations on claims that might be asserted by members of the . . . putative collective action"). In any event, even if tolling does not apply, under Bradford-Scott, I lack jurisdiction to continue with the case pending appeal, so I have no discretion to deny defendant's motion to stay.

ORDER

IT IS ORDERED that defendant Epic Systems Corporation's motion to stay pending appeal, dkt. #62, is GRANTED.

Entered this 25th day of November, 2015.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

5