# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**LEWIS, J.**
individually and on behalf of all others
similarly situated,,

       Plaintiff,                     Case No. 15-cv-082

      v.

**EPIC SYSTEMS CORPORATION**,

       Defendant.

## DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT EPIC SYSTEMS CORPORATION

Defendant Epic Systems Corporation, pursuant to Fed. R. Civ. P. 26 and 34, states as follows for its Response to Plaintiff's Second Set of Requests for Production of Documents:

### REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

A list, in an electronic importable format (i.e., Microsoft Excel (.xls)), of all persons employed by Epic as a Technical Writer Employee (TW) during the Statutory Period, including his or her name, most recent known address, most recent known and any prior telephone number, most recent known and any prior email address, dates of employment as a TW, and employee number.

**RESPONSE TO NO. 1:**

Epic objects to this request on the grounds that it is premature and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it requests information on individuals who are not parties to this action. Epic further objects to providing email addresses and telephone numbers as an invasion of privacy of current or former employees of Epic who are not parties to this action.

28336533v.1

**REQUEST FOR PRODUCTION NO. 2:**

A list, in an electronic importable format (i.e., Microsoft Excel (.xls)), of all persons employed by Epic, during the Statutory Period, whose job duties include managing or overseeing the work of any TW, including *but not limited* to Team Leads, Writing Leads/Group Leads, and the Director of Technical Writing. The response should include his or her name, the name(s) of the TW(s) managed, most recent known address, most recent known and last known telephone number, and employee number.

**RESPONSE TO NO. 2:**

Epic objects to this request as premature, overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it requests information on individuals who have not supervised anyone who is a party to this action. Epic further objects to providing addresses and telephone numbers for its management employees as an invasion of privacy and because management employees may be contacted only through Epic's counsel.

Subject to and without waiving these objections, Epic refers to Plaintiff to its answer to Interrogatory No. 1.

**REQUEST FOR PRODUCTION NO. 3:**

All documents that identify or describe the hierarchical structure of Epic, including, but not limited to, divisions or departments, boards, committees, teams, , the job titles within the structure, and the persons holding board, officer and management positions within the structure, otherwise generally known as organizational charts.

**RESPONSE TO NO. 3:**

Epic objects to this request as vague, overbroad and unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks organizational information not related to Technical Communications. Epic further objects to this request to the extent that it seeks information outside the statutory period.

Subject to and without waiving these objections, Epic will produce documents responsive to this request to the extent they relate to Technical Communications.

2

**REQUEST FOR PRODUCTION NO. 4:**

The personnel files of the Plaintiff and all opt-in Plaintiffs, including all personnel notes from Technical Communications/Technical Writing Team Lead meetings.

**RESPONSE TO NO. 4:**

Epic has produced documents responsive to this request. *See* EPIC-LEWIS 000087-EPIC-LEWIS 001056.

**REQUEST FOR PRODUCTION NO. 5:**

The exit interviews of Plaintiff and all putative class members whose employment with Epic ended during the statutory period.

**RESPONSE TO NO. 5:**

Epic objects to this as overbroad, unduly burdensome, and premature to the extent that it requests information on individuals who are not a party to this action.

Subject to and without waiving this objections, Epic has produced documents responsive to this request for those who are a party to this case. *See* EPIC-LEWIS 001057-EPIC-LEWIS 001125.

**REQUEST FOR PRODUCTION NO. 6:**

All current and former employee handbooks ("The Redbook"), "Wikis," policy manuals, emails, memoranda, or any other document describing the terms and conditions of employment provided to any TW working at Epic during the past five (5) years.

**RESPONSE TO NO. 6:**

Epic objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks all documents regarding "terms and conditions of employment" beyond those relating to claims at issue in this case. Epic further objects to this request to the extent that it seeks information outside the statutory period.

3

Subject to and without waiving these objections, Epic refers to the documents it produced in a corresponding request in *Long v. Epic Systems Corporation* and will supplement with any responsive documents that were created after the statutory period applicable in that case.

**REQUEST FOR PRODUCTION NO. 7:**

All management or supervisory handbooks, manuals or any other documents, including but not limited to "Wikis," describing the terms and conditions of employment at Epic, provided to any employee identified in response to Request No. 2 above, at any time during the past five (5) years.

**RESPONSE TO NO. 7:**

Epic objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks all documents regarding "terms and conditions of employment" beyond those relating to claims at issue in this case. Epic further objects to this request to the extent that it seeks information outside the statutory period.

Subject to and without waiving these objections, Epic refers to the documents it produced in a corresponding request in *Long v. Epic Systems Corporation* and will supplement with any responsive documents that were created after the statutory period applicable in that case.

**REQUEST FOR PRODUCTION NO. 8:**

All current and former handbooks, manuals, emails, memoranda, or any other document, including Cumulus training materials, "Wikis," the Epic Style Guide, and template libraries in "Sharepoint," describing or directing work performed by TWs at Epic during the Statutory Period which relates in any way to Epic's technical writing process.

**RESPONSE TO NO. 8:**

Epic objects to this request as vague, overbroad and unduly burdensome with respect to the language "relates in any way." Epic further objects to this request to the extent that it seeks information outside the statutory period.

4

Subject to and without waiving any objections, Epic refers to the documents it produced in a corresponding request in *Long v. Epic Systems Corporation* and will supplement with any responsive documents that were created after the statutory period applicable in that case.

**REQUEST FOR PRODUCTION NO. 9:**

All payroll records, in electronic and importable format (i.e., Microsoft Excel (.xls)), relating to any TW working at Epic during the Statutory Period, including, for each employee identified, the total compensation earned on a week to week basis. This request includes payroll records for each TW employee's training period.

**RESPONSE TO NO. 9:**

Epic objects to this as overbroad, unduly burdensome, and premature to the extent that it requests information on individuals who are not a party to this action. Epic further objects to this request to the extent that it requests information outside the statutory period.

Subject to and without waiving these objections, Epic will produce documents responsive to this request for those who are a party to this case, and will do so all at one time for all parties after the Court determines whether to certify a class.

**REQUEST FOR PRODUCTION NO. 10:**

Any document created during the statutory period showing the starting salary ranges and the method by which an individual's starting salary is determined for TWs.

**RESPONSE TO NO. 10:**

Epic will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 11:**

All documents, in electronic and importable format (i.e., Microsoft Excel (.xls)), identifying the hours worked, on a week to week basis, by any TW working during the statutory period, including but not limited to TLG Records, employee schedules, billing records, security logs, email time stamps, and timekeeping records, including an index or explanation of the codes used to identify time worked. TLG records should be complete and include sick time, vacation, FMLA, and any other leave time.

5

**RESPONSE TO NO. 11:**

Epic objects to this request as overbroad and unduly burdensome, and premature to the extent that it requests information on individuals who are not a party to this action. Epic further objects to this request as vague as it relates to "billing records," "security logs," and "timekeeping records." Epic further objects to this request to the extent that it requests information outside the statutory period.

Subject to and without waiving these objections, Epic will produce responsive information as to those who are a party to this case from its TLG system during the period in which they worked in Technical Communications during the statutory period.

**REQUEST FOR PRODUCTION NO. 12:**

All materials used to recruit TWs or created during the recruitment of TWs created at any time during the past (5) five years, including but not limited to all job postings created by Epic, and all materials created by Epic for use at job fairs or conventions or in college recruitment.

**RESPONSE TO NO. 12:**

Epic objects to this Request as vague, overly broad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information that is outside of the statutory period or that does not describe the duties in Technical Communications. Epic further objects to this Request because the phrase "or created during the recruitment of TWs" is vague and ambiguous.

Subject to and without waiving any objections, Epic refers to the documents it produced in a corresponding request in *Long v. Epic Systems Corporation* and will supplement with any responsive documents that were created after the statutory period applicable in that case.

**REQUEST FOR PRODUCTION NO. 13:**

All materials used, created, or collected by Epic during the TWs' application and hiring process, including those materials related to individuals not hired as TWs. This request includes all materials used by Epic's interviewers, including interview notes or outlines, all applications

6

and resumes from TW job applicants, all evaluations of TW job applicants, any rubric or other scale used to grade or measure the quality or performance of TW job applicants, and any document delineating the requirements or desired characteristics for the TW position.

**RESPONSE TO NO. 13:**

Epic objects to this request as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it requests documents relating to applicants not hired by Epic or on individuals who are not a party to this action. Epic further objects to providing email addresses and telephone numbers as an invasion of the privacy of current or former employees of Epic who are not parties to this action. Epic also objects to this request to the extent it seeks information that is outside the statutory period.

Subject to and without waiving any objections, Epic has produced documents from the personnel files of the Plaintiff and Opt-In Plaintiffs, and materials used in the recruitment of Technical Communications as described in response to Request No. 13. Those documents are responsive to this request as well.

**REQUEST FOR PRODUCTION NO. 14:**

All documents related to any formal or informal discipline received by any TW working at Epic working during the Statutory Period for working too few hours.

**RESPONSE TO NO. 14:**

Epic objects to this request as vague with respect to the phrase "formal or informal" and the word "discipline." Epic further objects to this request to the extent it calls for the production of information regarding individuals who are not a party to this case.

Subject to and without waiving these objections, Epic is not aware of any documents responsive to this request.

7

**REQUEST FOR PRODUCTION NO. 15:**

All job descriptions, job postings, or other documents or communications identifying or describing the job duties of TWs working at Epic, which were in effect or distributed at any time during the Statutory Period.

**RESPONSE TO NO. 15:**

Epic refers to the documents it produced in a corresponding request in *Long v. Epic Systems Corporation* and will supplement with any responsive documents that were created after the statutory period applicable in that case.

**REQUEST FOR PRODUCTION NO. 16:**

All documents, including manuals, memoranda, meeting agendas, meeting notes, reports, emails or any other document, which reflect the creation of, or modification of, the position of TW at Epic, including but not limited to any document that discusses why the TW position was created, the purpose of creating the TW position, whether the TW position replaced or modified the duties of another position, the goals associated with the TW position, and any changes thereto.

**RESPONSE TO NO. 16:**

Epic refers to the documents it produced in a corresponding request in *Long v. Epic Systems Corporation* and will supplement with any responsive documents that were created after the statutory period applicable in that case.

**REQUEST FOR PRODUCTION NO. 17:**

All documents that identify, describe, or relate to any claim that EPIC's method of compensating TWs was not a willful violation of the FLSA and was performed with a good faith belief that Epic was complying with the FLSA.

**RESPONSE TO NO. 17:**

Epic objects to this request as vague, overbroad and unduly burdensome, especially to the extent that it requests documents relating to how "Epic's method of compensating TW's was not willful." Indeed, most of the documents produced in response to this entire set of requests would be responsive to this particular request. Epic also objects to this request to the extent it seeks the production of information subject to the attorney-client privilege and/or attorney work product

8

doctrine. Epic further objects to the temporal scope of the request as overbroad because it requests materials outside the statutory period. Epic also objects to this request on the basis that any documents responsive to this request would be relevant only to remedial issues (e.g., the good faith defense and whether any violation is a willful violation) and thus should be produced at a later stage of litigation after the Court determines whether to certify a class.

Subject to and without waiving any objections, Epic refers to any other documents produced and also refers to documents produced in support of its response to Plaintiff's Interrogatory No. 3.

**REQUEST FOR PRODUCTION NO. 18:**

All messages or other electronic documents in EPIC's email or computer system created in the past five (5) years, in which the words "TW" or "Technical Writer" and any combination of the following words appear: "overtime," "exempt," "non-exempt," "administrative exemption," "professional exemption," "computer employee exemption," "QA or Quality Assurance," "Nordgren," "primary duty," "FLSA," "Fair Labor Standards Act," "Department of Labor," "DOL," "Department of Workforce Development," "DWD," "wages," "professional," and "unpaid."

**RESPONSE TO NO. 18:**

Epic objects to this request on the basis that it is vague, ambiguous, overbroad and not reasonably calculated to identify relevant information. Objecting further, the request is overbroad and overly burdensome in that it seeks the production of email from individuals not likely to possess relevant information. Epic further objects to the temporal scope of the request as overbroad and extending beyond the statutory period. Epic also objects to this request to the extent it seeks the production of information subject to the attorney-client privilege and/or attorney work product doctrine. Epic further objects on the grounds that the request seeks unreasonably cumulative and duplicative information in itself and in relation to all other requests. Objecting further, the burden or expense of fully responding to this discovery request outweighs its benefit. Epic agrees to meet and confer on topics related to the discovery of ESI in

9

compliance with the Court's Standing Order Relating to the Discovery of Electronically Stored Information.

**REQUEST FOR PRODUCTION NO. 19:**

All documents which constitute, refer, or relate to written policies, procedures, and guidelines as they relate to computers, computer systems, electronic data, electronic documents and electronic media used by Epic TWs or their managers, or any employee whose job duties include responsibility for making FLSA exempt/non-exempt determinations for Epic.

**RESPONSE TO NO. 19:**

Epic objects to this request as vague, overbroad, unduly burdensome and neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence concerning the parties' claims or defenses. Epic also objects to this request to the extent it seeks the production of information subject to the attorney-client privilege and/or attorney work product doctrine. Epic further objects to the temporal scope of the request as overbroad because it requests materials outside the statutory period. Epic also objects to this request to the extent and on the basis that any documents responsive to this request would be relevant only to remedial issues (e.g., the good faith defense and whether any violation is a willful violation) and thus should be produced at a later stage of litigation after the Court determines whether to certify a class.

**REQUEST FOR PRODUCTION NO. 20:**

All documents which constitute, refer or relate to any past or present corporate policies concerning employee use of company cell phones, PDAs or tablets used by Epic TWs or their managers, or any employee whose job duties include responsibility for making FLSA exempt/non-exempt determinations for Epic.

**RESPONSE TO NO. 20:**

Epic objects to this request as overbroad, unduly burdensome and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence concerning the parties' claims or defenses. Epic also objects to this request to the extent it seeks the production of information subject to the attorney-client privilege and/or attorney work product doctrine. Epic

10

further objects to the temporal scope of the request as overbroad because it requests materials outside the statutory period. Epic also objects to this request to the extent and on the basis that any documents responsive to this request would be relevant only to remedial issues (e.g., the good faith defense and whether any violation is a willful violation) and thus should be produced at a later stage of litigation after the Court determines whether to certify a class.

**REQUEST FOR PRODUCTION NO. 21:**

All documents that constitute, refer or relate to any past or present backup policies and procedures to the extent those policies impact electronic data created by TWs or their managers, or any employee whose job duties include responsibility for making FLSA exempt non-exempt determinations for Epic.

**RESPONSE TO NO. 21:**

Epic objects to this request as overbroad, unduly burdensome and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence concerning the parties' claims or defenses. Epic also objects that this request violates Section 2.04 of the Court's Standing Order Relating to the Discovery of Electronically Stored Information. Epic also objects to this request to the extent it seeks the production of information subject to the attorney-client privilege and/or attorney work product doctrine. Epic further objects to the temporal scope of the request as overbroad because it requests materials outside the statutory period. Epic also objects to this request to the extent and on the basis that any documents responsive to this request would be relevant only to remedial issues (e.g., the good faith defense and whether any violation is a willful violation) and thus should be produced at a later stage of litigation after the Court determines whether to certify a class.

**REQUEST FOR PRODUCTION NO. 22:**

All documents that constitute, refer or relate to any past or present record retention and destruction policies and procedures used by EPIC to the extent those policies impact electronic data created by TWs (both current and former) or their managers (both current and former), or

11

any employee (both current and former) whose job duties include responsibility for making FLSA exempt/non-exempt determinations for Epic.

**RESPONSE TO NO. 22:**

Epic objects to this request as overbroad, unduly burdensome and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence concerning the parties' claims or defenses. Epic also objects that this request violates Section 2.04 of the Court's Standing Order Relating to the Discovery of Electronically Stored Information. Epic also objects to this request to the extent it seeks the production of information subject to the attorney-client privilege and/or attorney work product doctrine. Epic further objects to the temporal scope of the request as overbroad because it requests materials outside the statutory period. Epic also objects to this request to the extent and on the basis that any documents responsive to this request would be relevant only to remedial issues (e.g., the good faith defense and whether any violation is a willful violation) and thus should be produced at a later stage of litigation after the Court determines whether to certify a class.

**REQUEST FOR PRODUCTION NO. 23:**

All documents which constitute, refer or relate to any e-mail storage conventions, including but not limited to, limitations on mailbox sizes/storage locations, archived data, and any schedule and logs for storage used by EPIC to the extent those policies impact electronic data created or received by TWs or their managers, or any employee whose job duties include responsibility for making FLSA exempt/non-exempt determinations for Epic.

**RESPONSE TO NO. 23:**

Epic objects to this request as overbroad, unduly burdensome and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence concerning the parties' claims or defenses. Epic also objects that this request violates Section 2.04 of the Court's Standing Order Relating to the Discovery of Electronically Stored Information. Epic also objects to this request to the extent it seeks the production of information subject to the attorney-client

12

privilege and/or attorney work product doctrine. Epic further objects to the temporal scope of the request as overbroad because it requests materials outside the statutory period. Epic also objects to this request to the extent and on the basis that any documents responsive to this request would be relevant only to remedial issues (e.g., the good faith defense and whether any violation is a willful violation) and thus should be produced at a later stage of litigation after the Court determines whether to certify a class.

**REQUEST FOR PRODUCTION NO. 24:**

All indices of the documents created in order to respond to these requests for production.

**RESPONSE TO NO. 24:**

Epic objects to this request as irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, vague and ambiguous, and improperly calling for the production of information subject to the attorney-client privilege and/or attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 25:**

Any and all statements, including declarations, of witnesses or potential witnesses or persons interviewed in connection with this case.

**RESPONSE TO NO. 25:**

Epic objects to this request to the extent it seeks information subject to the attorney-client privilege and/or attorney work product doctrine. Epic further objects because the term "statements" is vague and ambiguous.

Subject to and without waiving any objections, Epic has no responsive documents.

**REQUEST FOR PRODUCTION NO. 26:**

Any privilege log created in connection with the responses to any of the Plaintiff's Requests for Production of Documents.

13

**RESPONSE TO NO. 26:**

Epic will produce a privilege log in accordance with the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 27:**

Any document identified in Defendants Fed. R. Civ. P. 26 initial disclosures, including any insurance agreement that may provide coverage for the allegations in this matter.

**RESPONSE TO NO. 27:**

Epic has no responsive documents, as the parties agreed to opt out of the Fed. R. Civ. P. 26 initial disclosures.

**REQUEST FOR PRODUCTION NO. 28:**

All documents which constitute, refer or relate to any formal or informal policy or practice requiring TWs to work more than (40) forty hours per week or establishing a protocol that TWs work more than forty hours per week, including personnel notes.

**RESPONSE TO NO. 28:**

Epic has no responsive documents.

**REQUEST FOR PRODUCTION NO. 29:**

All documents which constitute, refer or relate to any formal or informal policy or practice requiring TWs to work (40) forty or fewer hours per week or establishing a protocol that TWs work (40) forty or fewer hours per week, including personnel notes.

**RESPONSE TO NO. 29:**

Epic has no responsive documents.

**REQUEST FOR PRODUCTION NO. 30:**

All documents which constitute, refer or relate to any incentive or instruction given to TW "Team Leads" to encourage TWs to work more than (40) forty hours per week or to reprimand TWs for working (40) forty or fewer hours per week.

**RESPONSE TO NO. 30:**

Epic has no responsive documents.

14

**REQUEST FOR PRODUCTION NO. 31:**

All documents which constitute, refer or relate to any incentive or instruction given to TW "Team Leads" to encourage TWs to work (40) forty or fewer hours per week or to reprimand TWs for working (40) forty hours or more per week.

**RESPONSE TO NO. 31:**

Epic has no responsive documents.

**REQUEST FOR PRODUCTION NO. 32:**

All documents which constitute, refer or relate to any formal or informal policy or practice requiring TWs to attend one or more "Go Live" sessions per calendar year.

**RESPONSE TO NO. 32:**

Epic objects to this request as overbroad and unduly burdensome to the extent that it seeks documents about those who are not parties to this case and/or are outside the statutory period.

Subject to and without waiving these objections, Epic will produce documents during the statutory period regarding any requirement that Plaintiff, any Opt-In Plaintiff, or Technical Communications employees generally attend one or more Go Live sessions annually, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 33:**

Any severance agreements executed by TWs upon the termination of their employment with Epic.

**RESPONSE TO NO. 33:**

Epic objects to this request on the grounds that it is overbroad, and seeks information that is not relevant to the lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Epic also objects to providing confidential information relating to former employees who are not parties to this action.

Subject to and without waiving these objections, Epic will produce documents responsive to this request for those who are parties to this case, to the extent they exist.

| | |
|---|---|
| **Dated: August 16, 2016** | Respectfully submitted, |
| | EPIC SYSTEMS CORPORATION |
| | By s/ Noah Finkel |
| | One of Its Attorneys |

Noah A. Finkel (nfinkel@seyfarth.com)
Andrew Scroggins (ascroggins@seyfarth.com)
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
(312) 460-5000

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he caused a copy of the foregoing Response to Plaintiff's Second Set of Requests for Production of Documents to Defendant Epic Systems Corporation to be served upon the following counsel of record via email on August 16, 2016:

| **HAWKS QUINDEL, S.C.** | **HABUSH HABUSH & ROTTIER, S.C.** |
|---|---|
| William E. Parsons, State Bar 1048594<br>Email: wparsons@hq-law.com<br>David C. Zoeller, State Bar No. 1052017<br>Email: dzoeller@hq-law.com<br>Caitlin M. Madden, State Bar No. 108928<br>Email: cmadden@hq-law.com<br>Post Office Box 2155<br>Madison, Wisconsin 53701-2155<br>Telephone: 608-257-0040 | Daniel A. Rottier, State Bar No. 1016998<br>Email: rottier@habush.com<br>Jason Knutson, State Bar No. 1035801<br>Email: jknutson@habush.com<br>Breanne L. Snapp<br>Email: bsnapp@habush.com<br>150 East Gilman St., Suite 2000<br>Madison, WI 53703 |

/s/ Noah A. Finkel

28336533v.1