Case: 3:15-cv-00082-bbc   Document #: 90-2   Filed: 09/06/16   Page 1 of 9

# Exhibit B

Case: 3:15-cv-00082-bbc   Document #: 90-2   Filed: 09/06/16   Page 1 of 9

# Exhibit B

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LEWIS, J.
individually and on behalf of all others
similarly situated,,

       Plaintiff,                        Case No. 15-cv-082

    v.

**EPIC SYSTEMS CORPORATION**,

       Defendant.

---

### DEFENDANT'S ANSWER TO PLAINTIFF'S
### SECOND SET OF INTERROGATORIES TO EPIC SYSTEMS CORPORATION

---

Defendant Epic Systems Corporation, pursuant to Fed. R. Civ. P. 26 and 33, states as follows for its Answer to Plaintiff's Second Set of Interrogatories:

### INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify the name, address, and telephone number of every person who you believe may have relevant information or knowledge with respect to any facts or matters relating to the allegations in the Complaint or in your Answer or relating to any issues that may be raised in pretrial motions or at the trial in this matter, and describe what information you believe each person may possess.

**ANSWER:**

Plaintiff Jacob Lewis, each of the Opt-In Plaintiffs, and the following Team Leads may have knowledge of the duties performed by Plaintiff and the Opt-In Plaintiffs and their hours worked, including but not limited to that of the Plaintiff and Opt-In Plaintiffs identified after their names:

    Adam Sauder, regarding Jacob Lewis

28336532v.2

Peter Wiley, regarding Jacob Lewis, Dale Erlandson, and Karen Campbell

Tracie Wise, regarding Jacob Lewis, Emily Harris, and Haley Johnson

Cate Valenzuela, regarding Jacob Lewis and Haley Johnson

Clare Kassa, regarding Charles Blackburn

Lindsay Berger, regarding Charles Blackburn

Megan Myers, regarding Charles Blackburn and Dale Erlandson

Sarah Savage, regarding Rebecca Rodgers and, Karen Campbell

Leanna Worrall, regarding Rebecca Rodgers

Becky Johnson, regarding Rebecca Rodgers

Dana Apfel, regarding Brittani Maul

Nikki McLaughlin, regarding Katarina Lazo, Karen Campbell, and Lauren Weber

Rachel Zwiebel, regarding Katarina Lazo

Brian Spranger, regarding Katarina Lazo, Haley Johnson, and Brittaini Maul

Lindsay More, regarding Victoria Cubera

Bryan Broy, regarding Karen Campbell, Emily Harris, and Haley Johnson

Maria Herro, regarding Karen Campbell, Dale Erlandson, and Brittaini Maul

Kate Grimm, regarding Karen Campbell and Dale Erlandson

Katie Rusch, regarding Karen Campbell

Julie Wroblewski, regarding Karen Campbell

David Jalensky, regarding Emily Harris and Dale Erlandson

Brooke Bauer, regarding Lauren Weber

Allison Baily, regarding Dale Erlandson

2

Erik Phelps, Epic's General Counsel, has knowledge on Epic's good faith and reasonable basis for believing that it has not misclassified certain employees in Technical Communications. Other managers and employees, to be identified by Epic, may have knowledge and information about the claims and defenses in this matter. In additional to the individuals listed above, any individuals identified in materials exchanged in discovery and in depositions may have discoverable information. Investigation continues.

All those identified above can be contacted only through Epic's counsel unless otherwise noted.

**INTERROGATORY NO. 2:**

Identify all persons, and the positions or "roles" they held, whose job duties included responsibility for determining Defendant's compliance with state and federal wage and hour laws during the last five (5) years. For former employees, please identify their last known address, telephone number, and email address.

**ANSWER:**

Epic objects to this Interrogatory as overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it is seeking information about compensation practices other than those alleged in the Complaint. Epic further objects to this Interrogatory to the extent that it calls for the production of information. protected from disclosures by the attorney-client and/or attorney work product privileges.

Subject to and without waiving these objections, Jennifer Peterson, HR Manager, and Jaime Bjorklund, Technical Recruiter and Personnel Manager, in consultation with other managers and the law department, are responsible for compliance with certain aspects of wage and hour laws. In addition, Erik Phelps, General Counsel, was responsible for a project in determining the proper exempt status classification of certain employees in Technical Communications.

3

**INTERROGATORY NO. 3:**

To the extent that Defendant is relying on attorney advice for any good faith defense to liquidated damages and willful conduct, identify and describe all conversations and correspondence with counsel upon which Defendant relied.  If Defendant is not relying on attorney advice, state so affirmatively.

**ANSWER:**

In 2014, Epic retained Amy O. Bruchs of the Michael Best law firm to evaluate Epic's classification of its Technical Communications employees (and other roles not at issue in this lawsuit) as salaried exempt.  Ms. Bruchs is currently the managing partner of Michael Best's Madison office and works primarily in the employment and labor litigation areas.  Epic provided Ms. Bruchs with background materials regarding the Technical Communications role, including the applicable hiring criteria, provided by the Epic Human Resources department, recruiting documents describing Technical Communications positions, information regarding the different types of writers, an organizational chart, and examples of technical writing.  Ms. Bruchs reviewed those materials and interviewed Matt Becker (then the Technical Communications Group Lead) and Cate Valenzuela (a Team Lead in the Technical Communications group), along with other Epic employees who provided information about the salary classification of a different role not at issue in this lawsuit, at an in-person meeting on December 11, 2014.  Ms. Bruchs independently evaluated the information gathered from those sources and prepared a draft opinion letter summarizing her conclusions.  She confirmed the accuracy of the factual information presented in that opinion letter as it pertained to the Technical Communications role with Mr. Becker on January 12, 2015 before issuing the opinion letter on January 13, 2015.

**INTERROGATORY NO. 4:**

Identify and describe all written administrative regulations, orders, rulings, approvals, or interpretations or administrative practice or enforcement policies relied upon by Defendant in establishing or maintaining its method of compensating Technical Writer (TW) Employees.

**ANSWER:**

Epic objects to this Interrogatory as overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it is seeking information about compensation practices other than those alleged in the Complaint. Epic further objects to this Interrogatory to the extent that it calls for the production of information. protected from disclosures by the attorney-client and/or attorney work product privileges.

Subject to and without waiving these objections, Epic classified employees in Technical Communications as exempt because they are covered by the exemptions for administrative employees under the FLSA, *see* 29 U.S.C. § 213(a)(1); 29 C.F.R. § 541.200 *et seq.*, and under Wisconsin law, DWD 274.04 and the computer employees exemption under those laws, *see* 29 U.S.C. § 213(a)(1) and (17); 29 C.F.R. § 541.400 *et seq.*; DWD 274.04. Moreover, some employees in Technical Communications are also deemed exempt because they qualify as highly-compensated employees. *See* 29 C.F.R. § 541.601. Team Leads are deemed exempt also as executive employees. *See* 29 C.F.R. § 541.100; DWD 274.04.

**INTERROGATORY NO. 5:**

Identify each position or "role" at Epic which Defendant currently classifies as exempt based on the FLSA's exemptions for Administrative Employees or Professional Employees.

**ANSWER:**

Epic objects to this Interrogatory on the grounds that it is overly broad and seeks information that is not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Epic further objects to this Interrogatory to the extent that it requires Epic to reveal information protected by the attorney work product doctrine and to the extent that it calls for a legal conclusion.

5

28336532v.2

Subject to and without waiving these objections, Epic classifies employees as either exempt or non-exempt and does not detail the particular exemption(s) under which employees are exempt.

**INTERROGATORY NO. 6:**

Identify the method of payment for Epic TWs (e.g., hourly, salary, per diem, etc.) during the statutory period, including any payment or bonus TWs receive for hours worked over forty (40) per week.

**ANSWER:**

Epic pays Technical Communications employees a salary, and pays some of them discretionary bonuses and other compensation.

**INTERROGATORY NO. 7:**

Identify all Epic TWs working during the statutory period whose salary is over $100,000 annually.

**ANSWER:**

Epic objects to this Interrogatory to the extent that it seeks information about those who are not Plaintiffs or Opt-In Plaintiffs in this lawsuit on the grounds that it is overly broad and seeks information that is not relevant to the subject matter of this lawsuit or reasonably calculated to lead to discovery of admissible evidence. Epic also objects to providing confidential salary information of current and former employees who are not parties to this action.

Subject to and without waiving these objections, Epic will identify any Opt-In Plaintiff who earned a salary in excess of $100,000 per year in any year. Of those who have opted in to this case as of now, none have.

**INTERROGATORY NO. 8:**

If your response to any request for production is denied in part or in whole, describe in detail every document or thing withheld, including the date and author of the document, and the

6

general content of the document, and identify every basis claimed for refusing to provide the document.

**ANSWER:**

Epic will produce a privilege log in accordance with the Federal Rules of Civil Procedure, and objects to this interrogatory to the extent that this Interrogatory seeks to impose obligations not required by those rules.

**Dated: August 16, 2016**         Respectfully submitted,

       EPIC SYSTEMS CORPORATION


       By s/ Noah Finkel
            One of Its Attorneys

Noah A. Finkel (nfinkel@seyfarth.com)
Andrew Scroggins (ascroggins@seyfarth.com)
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
(312) 460-5000

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he caused a copy of the foregoing Answer to Plaintiff's Second Set of Interrogatories to Defendant Epic Systems Corporation to be served upon the following counsel of record via email on August 16, 2016:

| **HAWKS QUINDEL, S.C.** | **HABUSH HABUSH & ROTTIER, S.C.** |
|---|---|
| William E. Parsons, State Bar 1048594<br>Email: wparsons@hq-law.com<br>David C. Zoeller, State Bar No. 1052017<br>Email: dzoeller@hq-law.com<br>Caitlin M. Madden, State Bar No. 108928<br>Email: cmadden@hq-law.com<br>Post Office Box 2155<br>Madison, Wisconsin 53701-2155 | Daniel A. Rottier, State Bar No. 1016998<br>Email: rottier@habush.com<br>Jason Knutson, State Bar No. 1035801<br>Email: jknutson@habush.com<br>Breanne L. Snapp<br>Email: bsnapp@habush.com<br>150 East Gilman St., Suite 2000<br>Madison, WI 53703 |

/s/ Noah A. Finkel

2