UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

**LEWIS, J.,**
individually and on behalf of all
others similarly situated,

        Plaintiffs,

        v.           Case No. 3:15-cv-00082

**EPIC SYSTEMS CORPORATION,**

        Defendant.

**DEFENDANT'S MOTION TO STAY PROCEEDINGS
PENDING THE UNITED STATES SUPREME COURT'S DECISION REGARDING
ENFORCEMENT OF THE PARTIES' ARBITRATION AGREEMENT**

The United States Supreme Court granted the petition for a writ of *certiorari* filed by Defendant Epic Systems Corporation ("Epic") to answer whether its Mutual Arbitration Agreement Regarding Wages and Hours with Plaintiff Jacob Lewis ("Lewis") is enforceable under the Federal Arbitration Act ("FAA"), notwithstanding the provisions of the National Labor Relations Act ("NLRA").

If the Supreme Court answers in the affirmative, the case before this Court will be dismissed and Lewis will be obligated to present his claims in an arbitral forum and on an individual basis. In that event, actions taken by this Court or the parties in the interim will have been unnecessary, and thus would waste resources and create conflicts with any future decision by the Supreme Court. And if the Supreme Court answers in the negative, there is no prejudice because the limitations periods for both opt-in plaintiffs and the putative Rule 23 class effectively have been tolled.

36726896v.1

Epic respectfully moves the Court for a stay of the proceedings in the case pending final disposition by the Supreme Court. To proceed otherwise where the enforceability of an agreement to arbitrate is at issue "largely defeats the point of the appeal and creates a risk of inconsistent handling of the case by two tribunals." *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 505 (7th Cir. 1997).

## RELEVANT BACKGROUND

Plaintiff Lewis filed a Complaint alleging that he and a putative class and collective had been denied overtime wages. (Dkt. 1.) Invoking the FAA, Epic moved to dismiss the Complaint and compel arbitration of Lewis' individual claims pursuant to the parties' Mutual Arbitration Agreement Regarding Wages and Hours. (Dkt. 19-20.)

On September 11, 2015, the Court denied Epic's motion, holding that the arbitration agreement violated Section 7 of the NLRA by permitting Lewis to pursue only individual claims. (Dkt. 54 at 2-5.) In reaching this conclusion, the Court "acknowledge[d] that the weight of authority . . . favors defendant's view . . . . It may be that ultimately the Supreme Court or the Court of Appeals for the Seventh Circuit will agree with defendant, but until that time, I will adhere to the decision of the board." (*Id*. at 5.)

Epic filed a Notice of Appeal with the United States Court of Appeals for the Seventh Circuit, invoking Section 16(a) of the FAA, 9 U.S.C. § 16(a), which permits an immediate, non-discretionary appeal of such an order. (Dkt. 55.) Thereafter, this Court granted Epic's motion to stay proceedings pending the decision by the appellate court. (Dkt. 66.)

On May 26, 2016, the Seventh Circuit affirmed the Court's decision, concluding that the arbitration agreement between the parties violates Sections 7 and 8 of the NLRA and cannot be saved by the FAA. *Lewis v. Epic Systems Corp.*, 823 F.3d 1147, 1161 (7th Cir. 2016). In its opinion, the Seventh Circuit expressly recognized that its decision "would create a conflict in the

circuits." *Id*. In anticipation of the filing of its petition for a writ of *certiorari*, Epic moved the Seventh Circuit for a stay of its mandate, which was denied, and the case was returned to this Court, where discovery and briefing on collective and class issues resumed.

On September 2, 2016, Epic filed a petition for a writ of *certiorari* with the Supreme Court, presenting the question whether an agreement that requires an employer and an employee to resolve employment-related disputes through individual arbitration, and waive class and collective proceedings, is enforceable under the FAA, notwithstanding the provisions of the NLRA.

Unlike the earlier appeal to the Seventh Circuit, the Supreme Court's decision whether or not to hear the issue was discretionary. While the writ was pending, the Court granted Plaintiff's motion for conditional certification of the FLSA collective action (Dkt. 97), an approved notice was issued to those in the collective (Dkt. 99), and the time for those receiving notice to opt-in to the collective has concluded.

Now that the opt-in period has closed, the FLSA limitations period for each opt-in plaintiff effectively has been tolled, and the limitations period for the Rule 23 claim under Wisconsin state law for a putative class of Technical Communications employees was effectively tolled upon the filing of the complaint in this case.

On January 13, 2017, the Supreme Court granted Epic's petition and consolidated the case with two others arising from other circuits and presenting similar questions. *See Epic Sys. Corp. v. Lewis*, No. 16-285; *NLRB v. Murphy Oil USA, Inc.*, No. 16-307; *Ernst & Young LLP v. Morris*, No. 16-300.

3

**ARGUMENT**

I. **PENDING RESOLUTION OF THE APPEAL, PROCEEDINGS IN THIS COURT SHOULD BE STAYED.**

"[I]t is fundamental to a hierarchical judiciary that 'a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Bradford-Scott*, 128 F.3d at 506-07, citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). When a court of appeals asserts jurisdiction, it "divests the district court of its control over those aspects of the case involved in the appeal." *Id*.

When the appeal arises from a decision to deny a motion to compel arbitration, there are no collateral issues over which the Court retains control: "[w]hether the case should be litigated in the district court" or decided through arbitration "is the mirror image of the question presented on appeal." *Bradford-Scott*, 128 F.3d at 505. No collateral issues remain in this case either. Epic moved the Court to dismiss Lewis' Complaint and compel individual arbitration of his claims by enforcing the Mutual Arbitration Agreement Regarding Wages and Hours between the parties. (Dkt. 19-20.) The Court denied the motion, finding the agreement unenforceable. (Dkt. 54.) Now, however, the Supreme Court has taken up again the question whether the agreement should be enforced. An affirmative answer would move the case from this Court's docket to an arbitral forum.

The principle underlying the rule is articulated in *Bradford-Scott*, which arose after a district court denied the defendant's request to stay the litigation pursuant to Section 3 of the FAA, and likewise refused to stay the proceedings while the defendant appealed. 128 F.3d at 505. The defendant then moved the Seventh Circuit for a stay pending appeal, which the appellate court granted. *Id.* at 507. The court's rationale is consistent with the FAA's principal purpose to ensure that parties get their bargained-for benefits of arbitration:

4

> Arbitration clauses reflect the parties' preference for non-judicial dispute resolution, which may be faster and cheaper. These benefits are eroded, and may be lost or even turned into net losses, if it is necessary to proceed in both judicial and arbitral forums, or to do this sequentially. The worst possible outcome would be to litigate the dispute, to have the court of appeals reverse and order the dispute arbitrated, to arbitrate the dispute, and finally to return to court to have the award enforced. Immediate appeal under § 16(a) helps to cut the loss from duplication. Yet combining the costs of litigation and arbitration is what lies in store if a district court continues with the case while an appeal under § 16(a) is pending.

*Id*. at 506.[1]

Failure to enter a stay risks unnecessarily burdening the Court and the parties with efforts that may be mooted by the Supreme Court's decision. To take the most pressing example, under this Court's current calendar, there is a looming May 9, 2017 deadline to address whether a Rule 23 class should be certified and whether the conditional collective should be decertified. (Dkt. 96 at 2.) Answering those issues will require substantial discovery from and about the opt-in plaintiffs and the putative class, briefing by the parties, and an intensive inquiry by the Court. If the Court permits either a class or collective action to proceed, the parties will need further extensive discovery in order to prepare for dispositive motions to be filed later this year. (Dkt. 96 at 3.) All of these efforts may be rendered unnecessary by a future Supreme Court decision that enforces the arbitration agreement and orders Lewis to take his claims to individual arbitration. Furthermore, the expenditure of those resources would deprive the parties of some of the principal benefits of arbitration, which include reduced cost and streamlined discovery. For these reasons, the Seventh Circuit explained, cases arising from a decision that refuses to enforce an arbitration agreement are "poor candidates for exceptions to the principle that a notice of

---

[1] The same rule has been adopted in the majority of circuits that have taken up the question. *See Levin v. Alms & Assocs., Inc.*, 634 F.3d 260, 264-66 (4th Cir. 2011) (discussing and adopting the Seventh Circuit's "seminal case" on this topic, *Bradford-Scott*); *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 n.6 (3d Cir. 2007); *McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158, 1160-62 (10th Cir. 2005); *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251-52 (11th Cir. 2004).

5

36726896v.1

appeal divests the district court of power to proceed with the aspects of the case that have been transferred to the court of appeals." 128 F.3d at 506.[2]

Indeed, it is common for district courts to stay proceedings pending the outcome of a petition for a writ of *certiorari* when there is a reasonable possibility that the Supreme Court could eliminate the need for such proceedings by granting review and reversing the order below. For example, in the case styled at the Supreme Court as *AT&T Mobility, LLC v. Concepcion,* 563 U.S. 333 (2011), in which the Court ultimately reversed the district court's and court of appeals' refusal to enforce an arbitration agreement containing a class waiver, the district court granted a motion to stay proceedings "while [the appellant] files a petition for *certiorari* with the United States Supreme Court." *Laster v. T-Mobile USA, Inc.*, Case 3:05-cv-01167-DMS-WVG, Docket 305 (S.D. Cal. Feb. 1, 2010). *See also NGV Gaming, Ltd. v. Harrah's Operating Co.*, 2008 WL 4951587, at *1 (N.D. Cal. Nov. 18, 2008) (granting motion to stay district court proceedings pending decision on petition for writ of *certiorari*); *United States v. Kenney*, 2008 WL 3285891, at *1 (D. Me. Aug. 5, 2008) (granting motion to stay even in "the absence of any likelihood of success on appeal, the lack of irreparable harm to the Defendant, and a mixed impact on the public interest . . . because there is no evident harm to the [plaintiff] from delay"); *Davis v. Blige*, 2008 WL 2477461, at *2 (S.D.N.Y. June 16, 2008) (granting motion to stay district court proceedings pending decision on petition for writ of *certiorari*); *Walker v. Monsanto Co.*

---

[2] The sole exception to the rule is for a purely "frivolous" appeal. *Bradford-Scott*, 128 F.3d at 506. Far from being frivolous, Epic's position has been embraced by the Second, Fifth, and Eighth Circuits, as well as the Supreme Courts of California and Nevada. *See Cellular Sales of Mo., LLC v. NLRB*, 824 F.3d 772 (8th Cir. 2016); *Sutherland v. Ernst & Young LLP*, 726 F.3d 290 (2d Cir. 2013) (per curiam); *D.R. Horton, Inc. v. NLRB*, 737 F.3d 344 (5th Cir. 2012); *Tallman v. Eighth Jud. Dist. Ct.*, 359 P.3d 113 (Nev. 2015); *Iskanian v. CLS Transp. L.A., LLC*, 327 P.3d 129 (Cal. 2014). The fact that the Supreme Court granted discretionary review confirms that Epic's position is not frivolous. As this Court has said: "[T]he weight of authority . . . favors defendant's view . . . . It may be that ultimately the Supreme Court or the Court of Appeals for the Seventh Circuit will agree with defendant, but until that time, I will adhere to the decision of the board." (Dkt. 54 at 5.)

6

36726896v.1

*Pension Plan*, 472 F. Supp. 2d 1053, 1054-55 (S.D. Ill. 2006) (same, and noting that "[s]uch stays are entered quite routinely."); *Coombs v. Diguglielmo*, 2004 WL 1631416, at *1-2 (E.D. Pa. July 21, 2004) (same); *Peaceable Planet, Inc. v. Ty, Inc.*, Case 3:05-cv-01167-DMS-WVG, 2004 WL 1574043, at *2 (N.D. Ill. July 13, 2004) (same).

This case is further along than those cases and presents a more compelling case for staying proceedings than those cases. A *cert* petition has not only been filed. It has been granted. The case thus is before the Supreme Court not merely to decide whether to review this matter, but to substantively review the issue of enforceability of the arbitration agreement between Epic and Lewis and thus whether this Court may proceed with this case. District courts routinely grant stays in this posture, following a grant of *certiorari*. *See, e.g.*, *City of Miami v. Wells Fargo & Co.*, Case 1:13-cv-24508, Docket 102 (S.D. Fla. July 13, 2016).

The fact that the Seventh Circuit denied Epic's request for a stay pending the Supreme Court's consideration of its petition for *certiorari* is of no moment. That request was made when the case was in a different posture—while Epic was still in the process of seeking *certiorari*. Now, however, the Supreme Court has granted Epic's *cert* petition and this case currently is pending at the Supreme Court and is being reviewed on the merits by that Court. Concurrent proceedings in two levels of federal courts are not merely a possibility, as they were when Epic asked the court of appeals to stay this matter. They are now a reality, and unless this Court stays this case, this case will be proceeding at the same time before both the Supreme Court and the district court.

Finally, staying the case while it is decided by the Supreme Court would not prejudice plaintiffs or the putative class. The limitations period for plaintiffs under the FLSA runs back from the time each plaintiff has filed his or her consent to join or opt in to the case, *Harkins v.*

7

*Riverboat Services, Inc.*, 385 F.3d 1099 (2004), but the opt-in period in this case already has closed, so no claims would waste away under the FLSA due to a stay. The limitations period on the claim under Wisconsin state law claim being asserted for a putative class pursuant to Rule 23 has been tolled since the filing of the complaint in this case.

## CONCLUSION

The United States Supreme Court has agreed to review the Seventh Circuit's affirmance of this Court's prior decision not to order that Plaintiff Jacob Lewis' claims be heard in arbitration. Permitting merits discovery and briefing on Lewis' class and collective claims risks wasting the Court's and the parties' resources and creating conflict among the courts in the event that the Supreme Court reaches a different decision regarding the enforceability of the arbitration agreement between Epic and Lewis. Accordingly, Epic respectfully requests that this Court grant the instant motion and stay these proceedings pending the outcome of the Supreme Court's review.

**Dated: January 27, 2017**　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　EPIC SYSTEMS CORPORATION


　　　　　　　　　　　　　　　　　　　　　　　By s/ Andrew Scroggins
　　　　　　　　　　　　　　　　　　　　　　　　　　One of Its Attorneys

Noah A. Finkel (nfinkel@seyfarth.com)
Andrew Scroggins (ascroggins@seyfarth.com)
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
(312) 460-5000

36726896v.1

## **CERTIFICATE OF SERVICE**

I, Andrew Scroggins, an attorney, do hereby certify that, on this 27th day of January 2017, I have caused a true and correct copy of the foregoing DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING THE UNITED STATES SUPREME COURT'S DECISION REGARDING ENFORCEMENT OF THE PARTIES' ARBITRATION AGREEMENT to be filed with the Clerk of the Court using the CM/ECF system, which will send notification to the following:

> William Parsons
> wparsons@hq-law.com
> David C. Zoeller
> dzoeller@hq-law.com
> Caitlin M. Madden
> cmadden@hq-law.com
> Hawks Quindel, S.C.
> 222 West Washington Avenue, Suite 450
> Madison, Wisconsin 53701-2155
>
> Daniel A. Rottier
> rottier@habush.com
> Jason Knutson
> jknutson@habush.com
> Breanne L. Snapp
> bsnapp@Habush.com
> Habush Habush & Rottier, S.C.
> 150 East Gilman Street, Ste. 2000
> Madison, Wisconsin  53701

                                                                  s/ Andrew Scroggins

36726896v.1