IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LEWIS, J., individually and on behalf
of all others similarly situated,

                                                    ORDER

            Plaintiff,

                                                    15-cv-82-bbc

    v.

EPIC SYSTEMS CORPORATION,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff J. Lewis brought this proposed class and collective action under the Fair
Labor Standards Ac and state law to obtain unpaid wages for technical writers employed by
defendant Epic Systems Corporation.  Defendant moved to dismiss the case on the ground
that plaintiff's claims are subject to an arbitration agreement, dkt. #19, but I denied the
motion, concluding that the arbitration agreement was invalid, dkt. #54.  The Court of
Appeals for the Seventh Circuit affirmed the decision, Lewis v. Epic Systems Corp., 823 F.3d
1147 (7th Cir. 2016), and the Supreme Court has agreed to hear the case, along with  two
other cases raising a similar issue, Epic Systems Corp. v. Lewis, Nos. 16-285, 16-300  & 16-
307, 2017 WL 125664 (U.S. Jan. 13, 2017).

Now defendant has moved to stay the case pending a decision from the Supreme
Court.  Dkt. #118.  Although I understand plaintiff's frustration over the repeated delays
in resolving this case, I am granting defendant's motion for essentially the same reasons that

I stayed the case while a decision from the court of appeals was pending.  Dkt. #66.  In particular, "the potential benefits of arbitration would be lost if a case could proceed in district court while a decision denying a request to arbitrate was pending on appeal."  Dkt. #66 at 3.  See also Bradford-Scott Data Corp. v. Physician Computer Network, Inc., 128 F.3d 504, 506 (7th Cir. 1997) ("The worst possible outcome would be to litigate the dispute, to have the court of appeals reverse and order the dispute arbitrated, to arbitrate the dispute, and finally to return to court to have the award enforced.").

As defendant points out, deadlines are approaching regarding class certification and decertification of the collective action.  Dkt. #96 (setting May 9, 2017 deadline for both).  If the Supreme Court agrees with defendant, this case will be dismissed and any resources the parties expend on those motions will be wasted.  Particularly because plaintiff does not identify any prejudice he will suffer as a result of a stay of a few months, the balance of harms seems to favor defendant.

ORDER

IT IS ORDERED that defendant Epic Systems Corporation's motion to stay this case pending a decision from the United States Supreme Court, dkt. #118, is GRANTED.  Once

the Supreme Court issues a decision, the court will set a conference to set a new schedule for

the case.

Entered this 8th day of February, 2017.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge